# EXHIBIT "A"



# STATE OF RHODE ISLAND

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>WC-2022-0161 |
| **Plaintiff**<br>Christopher Laccinole<br>v.<br>GULF COAST COLLECTION BUREAU, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Christopher Laccinole |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>23 Othmar St<br>Narragansett RI 02882 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI 02879<br>(401) 782-4121 | **Address of the Defendant**<br>5630 Marquesas Cir<br>Sarasota FL 34233 |

**TO THE DEFENDANT, Jack W Brown, Iii:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 5/12/2022. | /s/ Brenden Oates<br>Clerk |

Witness the seal/watermark of the Superior Court

Served Date 5/19 Time 11:40AM

Server JB

I.D. # 6009

SC-CMS-1 (revised July 2020)

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

STATE OF RHODE ISLAND                    SUPERIOR COURT
WASHINGTON COUNTY

CHRISTOPHER LACCINOLE              C.A. No.:
*Plaintiff*

Vs.

GULF COAST COLLECTION              JURY TRIAL REQUESTED
BUREAU, Inc.
&
JACK WARREN BROWN III,
&
MARIE S. ARESKOG,
&
Does 1-10 Inclusive;
*Defendants*

## COMPLAINT

### I. INTRODUCTION

This is a civil action seeking remedy for criminal violations under multiple federal

and state consumer protection statutes. Plaintiff, a consumer, was harassed by debt

collectors with robocalls for a debt he never owed. Plaintiff is an identity theft victim and is

regularly harassed by companies like Gulf Coast Collection Bureau ("Gulf Coast") who

seek to profit from the misery of consumers who are trapped in the web of identity theft.

Plaintiff sent Gulf Coast two certified letters telling Gulf Coast not to call Plaintiff because

Gulf Coast had the wrong number. However, Gulf Coast continued to robodial Plaintiff for

seven months with robocalls and prerecorded voice messages. Plaintiff also asked Gulf

Coast to validate any debt alleged to be owed and Gulf Coast refused to validate any debt.

Plaintiff doesn't owe Gulf Coast any money and he doesn't have any account or any

business relationship with Gulf Coast whatsoever. Gulf Coast has a long history of

harassing consumers who don't owe them money. As of the time of filing of this

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

Complaint, Gulf Coast has a rating of 1 star rating (out of five stars) from the Better Business Bureau with over 45 closed complaints.[1] The Consumer Financial Protection Bureau has received 248 complaints about Gulf Coast Collection Bureau. Federal Court records at Pacer.gov indicate that Gulf Coast has been sued in federal courts over 70 times for consumer protection violations. Jack Warren Brown III ("Brown") is an attorney and the CEO of Gulf Coast, and he manages Gulf Coast's illicit operations. Marie S. Areskog ("Areskog") is the Chief Operations Officer of Gulf Coast and ensures "compliance."

This case also raises multiple criminal issues. First, neither Gulf Coast, nor Brown, nor Areskog is registered to collect debt in the State of Rhode Island as required by RIGL § 19-14.9-12. The Rhode Island Fair Debt Collection Practices Act criminalizes unregistered debt collection with fines and imprisonment for up to one year.[2]

Second, Defendants' concerted criminal conduct in Rhode Island, spanning several years, constitutes unlawful debt collection and racketeering. The Rhode Island Racketeer Influenced and Corrupt Organizations Act (RICO) provides for substantial criminal and civil asset forfeiture in addition to cumulative remedies.[3]

1.   The Plaintiff brings this action alleging that the Defendants Gulf Coast, Brown, Areskog, and Does 1-10 engaged in harassing, abusive, and prohibited conduct while attempting to collect an alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"), Florida Consumer Collection Practices Act Fla. Stat. §§ 559.55 to 559.785 (referred to herein as

---

[1] https://www.bbb.org/us/fl/sarasota/profile/collections-agencies/gulf-coast-collection-bureau-inc-0653-62002434; Accessed May 1, 2022.
[2] See RIGL § 19-14.9-13(1).
[3] See RIGL § 7-15 *et seq.*

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

"FCCPA"), and the Rhode Island Fair Debt Collection Practices Act, RIGL § 19-14.9, *et seq.* (hereinafter "RI FDCPA"). The Plaintiff seeks statutory damages, actual damages, injunctive relief, punitive damages, costs, and attorney's fees from each Defendant under the FDCPA, TCPA, FCCPA, RIFDCPA, and RIGL § 9-30-2.

2.  The Plaintiff also alleges that Defendants' conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, RIGL § 6-13.1 *et seq.* (hereinafter "DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney's fees, and injunctive relief for each Defendant under the DTPA.

3.  The Plaintiff also alleges that Defendants' conduct violated Plaintiff's right to privacy under RIGL § 9-1-28.1 *et seq.* The Plaintiff seeks actual damages, costs, attorney's fees, and injunctive relief from each Defendant under the statute.

4.  Plaintiff seeks Declaratory Relief under the Rhode Island Uniform Declaratory Judgments Act (RIGL § 9-30-1) that Defendants cannot collect debt in Rhode Island without being registered as a debt collector with the Rhode Island Department of Business Regulation.

5.  The Plaintiff also alleges that Defendants' conduct violates Rhode Island's RICO Act at RIGL § 7-15 *et seq.* Plaintiff seeks injunctive relief to include divestiture and dissolution of Defendants' scheme. Plaintiff further seeks treble damages, costs, and attorney fees.

6.  The Plaintiff also alleges that he is a victim of Defendants' crimes and offenses. Plaintiff seeks damages under RIGL § 9-1-2 for civil liability for crimes and offenses.

7.  Any violations by Defendants were knowing, willful, intentional, and Defendants

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

did not maintain procedures reasonably adapted to avoid any such violation.

## II.  JURISDICTION AND VENUE

8.  This Court has jurisdiction to hear FDCPA claims pursuant to 15 U.S.C. § 1692(k)(d).

9.  This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

10. This Court has jurisdiction to hear RI FDCPA claims pursuant to RIGL § 19-14.9-13(5).

11. This Court has jurisdiction to hear RI DTPA claims pursuant to RIGL § 6-13.1-5.2.

12. This Court also has jurisdiction to hear the FCCPA claims under Florida Statutes § 559.77(1).

13. This Court has jurisdiction to hear the Uniform Declaratory Judgments Act claims pursuant to RIGL § 9-30-1.

14. This Court has jurisdiction to hear the RICO claims pursuant to RIGL § 7-15-4.

15. This Court has jurisdiction to hear the civil liability claims pursuant to RIGL § 9-1-2.

16. The Plaintiff is a resident of this County and the conduct complained of took place in this County.

## III.  PARTIES

17. The Plaintiff is an adult resident, of the Town of Narragansett, County of Washington, State of Rhode Island.

18. Plaintiff has never had a business relationship with Gulf Coast.

19. Plaintiff is a consumer as that term is defined by 15 USC § 1692a(3).

20. Plaintiff is a consumer as that term is defined by RIGL § 19-14.9-3(1).

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

21.  Plaintiff is a debtor or consumer as those terms are defined by Florida Statutes § 559.55(8).

22.  Plaintiff is a person as that term is defined or referenced by 15 USC § 1692d.

23.  Plaintiff is a person as that term is defined or referenced by RIGL § 19-14.9-6.

24.  Plaintiff is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, RIGL § 9-1-28.1.

25.  As a consumer, Plaintiff purchased a cellular telephone for personal and household use.

26.  In purchasing his cellular telephone and cellular telephone service, Plaintiff—as a natural person—became obligated or allegedly obligated to pay a debt to the cellular telephone service provider.

27.  Upon information and belief, Defendant Gulf Coast is a national collection agency formed and headquartered in the State of Florida.

28.  The principal purpose of Gulf Coast is the collection of debts using the mails and telephone and other means.

29.  Gulf Coast regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

30.  Gulf Coast is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

31.  Gulf Coast is a "debt collector" as that term is defined by RIGL § 19-14.9-3 (5).

32.  Gulf Coast is a "consumer collection agency" as defined by the FCCPA at Fla. Stat. § 559.55(3).

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

33.   Gulf Coast operates as a debt collector in the State of Rhode Island, and is not registered through the Rhode Island Department of Business Regulations to conduct business in the State of Rhode Island.

34.   Upon information and belief, Gulf Coast may be served upon its registered agent in the State of Florida, to wit: Jack Brown III, 5630 Marquesas Cir., Sarasota, FL 34233.

35.   Jack W Brown III is a natural person who works in Florida.

36.   Brown is the CEO of Gulf Coast.

37.   Upon information and belief, Brown directs Gulf Coast company policies. Brown directly or indirectly instructed the employees of Gulf Coast to act in the manner they acted when attempting collections from Plaintiff as described in the paragraphs herein.

38.   Brown regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

39.   Brown uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

40.   Brown is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is a "debt collector" as that term is defined by RIGL § 19-14.9-3 (5).

41.   Brown can be served wherever he may be found in accordance with Rhode Island or Florida law.

42.   Marie S. Areskog is a natural person who works in Florida.

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

43.   Areskog is the Chief Operations Officer ("COO") of Gulf Coast.

44.   Areskog also goes by the name of Marie St. James.

45.   Upon information and belief, Areskog directly or indirectly instructed the employees of Gulf Coast to act in the manner they acted when attempting collections in Rhode Island as described in the paragraphs herein.

46.   Areskog regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

47.   Areskog engages in soliciting the right to collect or receive payment for another of an account, bill, or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of an account, bill, or other indebtedness.

48.   Areskog uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

49.   Areskog is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is a "debt collector" as that term is defined by RIGL § 19-14.9-3 (5).

50.   Areskog can be served wherever she may be found in accordance with Rhode Island or Florida law.

51.   Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## IV. FACTUAL ALLEGATIONS

52.   At all times relevant to this Complaint, Defendants were engaged in the business of

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

regularly collecting Debts, originally owed to third parties.

53.   At all times relevant to this Complaint, Defendants acted as "Debt Collectors" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6), and the RI FDCPA at RIGL § 19-14.9-3.

54.   At all times relevant to this Complaint, Defendants acted as a "consumer collection agency" as defined by the FCCPA at Fla. Stat. § 559.55(3).

55.   Plaintiff does not owe any Defendant any money.

56.   Gulf Coast acted at all times mentioned herein through its employee(s), including but not limited to Jack Brown, and Marie Areskog.

57.   In 2019, Plaintiff purchased a phone and prepaid phone service plan.

58.   On August 25, 2021, Plaintiff received a call from 866 991 7360.

59.   When Plaintiff heard the call, there was a six second pause, followed by a click and transfer to a female operator.

60.   The operator asked to speak to a name that Plaintiff did not recognize.

61.   When Plaintiff asked which company the operator was calling from, the operator stated, "This is Gulf Coast Collection Bureau calling."

62.   Plaintiff subsequently discovered that Gulf Coast Collection Bureau is a debt collector.

*Plaintiff sends Gulf Coast his first Do Not Call letter.*

63.   That same day, on August 25, 2021, Plaintiff sent a certified letter (return receipt requested) to Gulf Coast Collection Bureau at 5630 Marquesas Cir., Sarasota, FL 34233.

64.   In Plaintiff's letter, Plaintiff provided his name, telephone number, and full mailing

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

address.

65. In Plaintiff's letter, he stated, *"All calls are inconvenient. Please don't call me. You have the wrong number."*

66. Gulf Coast employee "Diane Frost" received and signed for Plaintiff's letter on August 30, 2021.

67. Plaintiff attaches a copy of his August 25, 2021 letter to Gulf Coast (and the mailing receipts) as Exhibit A to this Complaint.

68. Despite receiving Plaintiff's letter, Defendants continued to call Plaintiff.

69. On September 13, 2021, Plaintiff received a letter in his mailbox from Gulf Coast where Gulf Coast incredibly asked Plaintiff to provide his telephone number—even though Plaintiff's original letter specifically included his telephone number.

70. Gulf Coast's letter further asked Plaintiff for his account number and file number—even though Plaintiff did not have any account or file with Gulf Coast.

71. Gulf Coast's letter encouraged Plaintiff to "visit our website at www.gccb.net." When Plaintiff visited the website, the Gulf Coast website stated:

> This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector. Calls to or from this company may be monitored or recorded.

72. Plaintiff attaches a copy of the letter from Gulf Coast to Plaintiff as Exhibit B to this Complaint.

73. During many of the calls that Gulf Coast subsequently placed to Plaintiff, Gulf Coast played a prerecorded voice message when Plaintiff answered the phone.

74. The prerecorded voice messages stated, "Nobody is available to take your call at the moment." Then the recording would blare music at full volume for several seconds.

After the music, the prerecorded message would start again and insert an artificial

voice, "You are the…..*SECOND*…. caller in line. An agent will be with you shortly."

Then Gulf Coast began blaring the music again and put Plaintiff on hold.

75.   Gulf Coast used the same artificial and prerecorded voice message scheme repeatedly

when calling Plaintiff.

76.   During one of the calls when Gulf Coast called Plaintiff, Plaintiff would answer the

call and there would not be anyone on the other end of the line for seventeen seconds

and Gulf Coast would hang up.

*Plaintiff sends Gulf Coast his second Do Not Call letter.*

77.   On January 8, 2022, Plaintiff sent a SECOND certified letter (return receipt

requested) to Gulf Coast Collection Bureau at 5630 Marquesas Cir., Sarasota, FL

34233.

78.   In Plaintiff's letter, Plaintiff provided his name, telephone number, and full mailing

address.

79.   In Plaintiff's letter, he stated, "*All calls are inconvenient. Please don't call me. You have

the wrong number.*"

80.   A Gulf Coast employee received and signed for Plaintiff's letter on January 11, 2022.

81.   Plaintiff attaches a copy of his January 8, 2022 letter to Gulf Coast (and the mailing

receipts) as Exhibit C to this Complaint.

82.   Despite receiving Plaintiff's second letter, Defendants continued to call Plaintiff.

83.   On February 14, 2022, Plaintiff received a letter in his mailbox from Gulf Coast

where Gulf Coast incredibly asked Plaintiff again to provide his telephone number—

even though Plaintiff's first and second letters specifically included his telephone

10

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

number.

84. Gulf Coast's letter further asked Plaintiff (again) for his account number and file number—even though Plaintiff did not have any account or file with Gulf Coast.

85. Plaintiff attaches a copy of the letter from Gulf Coast to Plaintiff as Exhibit D to this Complaint.

86. Gulf Coast continued to robocall Plaintiff with prerecorded voice messages.

87. Gulf Coast called Plaintiff from several different phone numbers so that Plaintiff would not know if a new number was a Gulf Coast number or a legitimate telephone call.

88. During one of the Gulf Coast calls, Gulf Coast played a prerecorded message and then an operator joined the call. Plaintiff could not understand the operator, so he asked which company he was from. The operator said, "Thanks," and hung up on Plaintiff. The operator never identified the name of the company, but Plaintiff subsequently learned that it was from Gulf Coast.

89. Upon information and belief, GULF COAST uses a predictive dialer to contact Plaintiff.

90. The tell-tale sign of a predictive dialer is when the system's pacing is set too high, and the system automatically dials more consumers than there are operators to respond to answered calls. So, the system plays prerecorded messages because there will not be an operator at the call center to attend to the answered call.

91. Upon information and belief, Defendants employ an automated telephone dialing system because there was no human on the other end of the call during several of these calls. The further evidence of this system is that during some of the calls,

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

Plaintiff heard an audible click followed by a pause and then an operator joined the call.

92. The further evidence of this automated telephone dialing system is that Gulf Coast terminated the call seventeen seconds after Plaintiff answered the call.

93. The further evidence of this automated telephone dialing system is that Gulf Coast and Jack Brown applied and obtained a permit for Gulf Coast's autodialing system with the State of Texas Public Utilities Commission through the State's Automatic Dial Announcing Device Permit Process. See Exhibit E for Defendants' permit with the State of Texas.

94. Gulf Coast called Plaintiff several times after Gulf Coast knew it had the wrong number.

95. Upon information and belief, Gulf Coast uses the phone number 866 991 7360 to contact consumers such as Plaintiff.

96. Upon information and belief, Gulf Coast uses the phone number 941 300 5827 to contact consumers such as Plaintiff.

97. Plaintiff does not have an account with Gulf Coast.

98. Plaintiff has no pre-existing business relationship with Gulf Coast and never requested by an agreement or otherwise that he be contacted.

99. In the letters that Plaintiff sent to Gulf Coast, Plaintiff disputed any debt, and Plaintiff asked Gulf Coast to validate any debt.

100. Gulf Coast never validated any debt to Plaintiff.

101. Plaintiff never provided his consent to Gulf Coast to be contacted on his cellular telephone.

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

102. Plaintiff's phone number is part of the national Do Not Call registry.

103. Despite two clear and unmistakable requests that Gulf Coast stop calling Plaintiff, Gulf Coast called Plaintiff over and over again.

104. During all of Gulf Coast's communications with Plaintiff, Gulf Coast never disclosed that the debt was in dispute.

105. The telephone calls to Plaintiff's cellular telephone number were not initiated for an emergency purpose.

106. Defendants do not maintain a written policy for maintaining a do-not-call list.

107. Defendants have not informed and trained personnel engaged in making calls on the use of the do-not-call list.

108. Defendants have subsequently called Plaintiff after Plaintiff notified Defendants they have the wrong number.

109. Defendants placed more than one telephone call to Plaintiff within the last 12-month period.

110. Plaintiff incurred actual damages as a result of Defendants' unlawful conduct.

111. At all times relevant to this Complaint, Defendants were subject to the Rhode Island FDCPA registration requirement at RIGL § 19-14.9-12.

112. When the Defendants repeatedly dialed Plaintiff's 401 area code Rhode Island phone number, Gulf Coast was not registered with the Rhode Island Department of Business Regulation to engage in the business of collecting or receiving payment for a debt in Rhode Island.

113. In the year preceding the filing of this lawsuit, Gulf Coast was not registered with the Rhode Island Department of Business Regulation to engage in the business of debt

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

collection in Rhode Island.

114. Gulf Coast's failure to be registered means it failed to comply with the registration requirements contained in Rhode Island General Law 19-14.9-12.

115. Because it failed to submit itself to the registration process, the State of Rhode Island was deprived of its authority to determine the suitability of Gulf Coast to engage in the business of collecting or receiving payment for debts in Rhode Island from Rhode Island residents.

116. Where Rhode Island criminalizes unregistered debt collection at RIGL § 19-14.9-13, the activities of Gulf Coast, Jack Brown, and Marie Areskog constitute criminal acts.

117. Defendants repeatedly called Plaintiff in violation of federal and state laws in a pattern of unlawful debt collection.

118. Gulf Coast, Brown, and Areskog engaged in an enterprise of a racketeering activity through collection of an unlawful debt to directly or indirectly acquire or maintain interest in or control of their enterprise.

119. Gulf Coast's employees (including but not limited to Jack Brown and Marie Areskog) participated in the conduct of the affairs of the enterprise through racketeering activity or collection of an unlawful debt.

## V. STATUTORY STRUCTURE RHODE ISLAND FDCPA

120. The Rhode Island Fair Debt Collection Practices Act ("RI FDCPA") was passed by the Rhode Island General Assembly to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from Rhode Island consumers, and to establish requirements for the registering and supervision of debt collection. RIGL § 19-14.9-2.

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

121.   Under the RI FDCPA, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  RIGL § 19-14.9-5(1).

122.   Under the RI FDCPA, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer.  RIGL § 19-14.9-5(2).

123.   Under the RI FDCPA, if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.  RIGL § 19-14.9-5(2).

124.   Under the RI FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  RIGL § 19-14.9-6.

125.   Under the RI FDCPA, a debt collector may not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.  RIGL § 19-14.9-6(d).

126.   Under the RI FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. RIGL § 19-14.9-7.

127.   Under the RI FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  RIGL § 19-14.9-8.

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

128.  Under the RI FDCPA, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(a) the amount of the debt;

(b) the name of the creditor to whom the debt is owed;

(c) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(d) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(e) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

RIGL § 19-14.9-9 (1).

129.  Under the RI FDCPA, if the consumer notifies the debt collector in writing within the thirty-day period described in subsection (1)(d) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

judgment, or the name and address of the original creditor, and a copy of such

verification or judgment, or name and address of the original creditor, is mailed to

the consumer by the debt collector.

RIGL § 19-14.9-9 (2).

130.   Under the RI FDCPA, the persons engaging in the collection of debts on behalf of

another must register by submitting a written application form to the State of Rhode

Island.  RIGL § 19-14.9-12.

131.   Under the RI FDCPA, any person who engages in the business of a debt collector

without a registration as required by § 19-14.9-12 of this chapter, shall, upon

conviction, be fined not more than two thousand dollars ($2,000) or imprisoned not

more than one year, or both.  RIGL § 19-14.9-13(1).

132.   Under the RI FDCPA, any debt collector who fails to comply with the provisions of

the RI FDCPA is liable for any actual damages sustained; statutory damages up to

$1,000; attorney fees as determined by the Court and costs of this action. RIGL § 19-

14.9-13.

## VI. STATUTORY STRUCTURE FDCPA

133.   The Fair Debt Collection Practices Act ("FDCPA") was passed by Congress to

eliminate abusive debt collection practices by debt collectors. 15 U.S.C.§ 1692.

134.   Under the FDCPA, a debt collector may not communicate with a consumer in

connection with the collection of any debt at any unusual time or place or a time or

place known or which should be known to be inconvenient to the consumer.  15

U.S.C. § 1692c(a)(1).

135.   Under the FDCPA, a debt collector may not communicate, in connection with the

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

collection of any debt, with any person other than the consumer.  15 U.S.C. §
1692c(b).

136.    Under the FDCPA, if a consumer notifies a debt collector in writing that the
consumer refuses to pay a debt or that the consumer wishes the debt collector to
cease further communication with the consumer, the debt collector shall not
communicate further with the consumer with respect to such debt.  15 U.S.C. §
1692c(c).

137.    Under the FDCPA, a debt collector may not engage in any conduct the natural
consequence of which is to harass, oppress, or abuse any person in connection with
the collection of a debt.  15 U.S.C. § 1692d.

138.    Under the FDCPA, a debt collector may not cause a telephone to ring or engage any
person in telephone conversation repeatedly or continuously with intent to annoy,
abuse, or harass any person at the called number.  15 U.S.C. § 1692d(5).

139.    Under the FDCPA, a debt collector may not use any false, deceptive, or misleading
representation or means in connection with the collection of any debt.  15 U.S.C. §
1692e.

140.    Under the FDCPA, a debt collector may not use unfair or unconscionable means to
collect or attempt to collect any debt.  15 U.S.C. § 1692f.

141.    Under the FDCPA, within five days after the initial communication with a consumer
in connection with the collection of any debt, a debt collector shall, unless the
following information is contained in the initial communication or the consumer has
paid the debt, send the consumer a written notice containing—

        (1) the amount of the debt;
        (2) the name of the creditor to whom the debt is owed;

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

142.  Under the FDCPA, if the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

143.  Under the FDCPA, any debt collector who fails to comply with the provisions of the

Case Number: WC-2022-0181
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

FDCPA is liable for any actual damages sustained; statutory damages up to $1,000;

attorneys' fees and costs of this action. 15 U.S.C. § 1692k.

## VII. STATUTORY STRUCTURE RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT

144. The Rhode Island Deceptive Trade Practices Act was passed to declare as unlawful the "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RIGL § 6-13.1-2.

145. Under the Rhode Island Deceptive Trade Practices Act, a "person" means natural persons, corporations, and any other legal entity. RIGL § 6-13.1-1 (3).

146. Under the Rhode Island Deceptive Trade Practices Act, "trade" and "commerce" mean the sale or distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situate, and include any trade or commerce directly or indirectly affecting the people of Rhode Island. RIGL § 6-13.1-1 (5).

147. Under the Rhode Island Deceptive Trade Practices Act, unfair methods of competition and unfair or deceptive acts or practices include (but are not limited to) any one or more of the following:

   a. Engaging in any other conduct that similarly creates a likelihood of confusion or of misunderstanding [RIGL § 6-13.1-1 (6) (xii)].
   b. Engaging in any act or practice that is unfair or deceptive to the consumer [RIGL § 6-13.1-1 (6) (xiii)].
   c. Using any other methods, acts or practices which mislead or deceive members of the public in a material respect [RIGL § 6-13.1-1 (6) (xiv)].

148. The Rhode Island Deceptive Trade Practices Act does not define consumer. RIGL § 6-13.1-1.

149. The remedies available under the Rhode Island Deceptive Trade Practices Act are

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

available to "any person" and are not limited to consumers.  RIGL § 6-13.1-5.2.

150.   The remedies available under the Rhode Island Deceptive Trade Practices Act are available to "any person" and do not require a vendor-consumer relationship.  RIGL § 6-13.1-5.2.

151.   Under the Rhode Island Deceptive Trade Practices Act, any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice declared unlawful by § 6-13.1-2, may bring an action under the rules of civil procedure in the superior court of the county in which the seller or lessor resides; is found; has his or her principal place of business or is doing business; or in the superior court of the county as is otherwise provided by law, to recover actual damages or two hundred dollars ($500), whichever is greater. The court may provide other equitable relief that it deems necessary or proper.  RIGL § 6-13.1-5.2(a).

## VIII.  STATUTORY STRUCTURE FCCPA

152.   The Florida Consumer Collection Practices Act (referred to herein as "FCCPA") was passed to prohibit practices deemed to be unacceptable to the Florida legislature.

153.   Under the FCCPA, a "debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt.  Fla. Stat. § 559.55(8).

154.   Under the FCCPA, no person shall: "Use or threaten force or violence."  Fla. Stat. § 559.72(2).

155.   Under the FCCPA, no person shall: "Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false." Fla. Stat. § 559.72(5).

156.  Under the FCCPA, no person shall: "Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made before such dispute has been asserted and written notice is received from the debtor that any part of the debt is disputed, and if such dispute is reasonable, the person who made the original disclosure must reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days."  Fla. Stat. § 559.72(6).

157.  Under the FCCPA, no person shall: "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."  Fla. Stat. § 559.72(9).

158.  Under the FCCPA, no person shall: "Cause a debtor to be charged for communications by concealing the true purpose of the communication, including collect telephone calls and telegram fees."  Fla. Stat. § 559.72(19).

159.  Under the FCCPA, any person who fails to comply with any provision of Fla. Stat. § 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.  Fla. Stat. § 559.77(2).

160.  Under the FCCPA, Courts may award both FDCPA statutory damages and FCCPA

Case Number: WC-2022-0181
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

statutory damages for the same acts. See *Gamboa v. Carruthers*, 2010 WL 4823671

(M.D. Fla. Nov. 19, 2010) (awarding maximum statutory damages pursuant to

FDCPA and Florida statute; $1000 per statute for deceptive and harassing collection

letters); *Ugarte v. Sunset Constr., Inc.*, 2008 WL 4723600 (M.D. Fla. Oct. 21, 2008)

(awarding statutory damages under both FDCPA and Florida statute, where

collector's demand for attorney fees to which it was not entitled violated both

statutes).

161.   Under the FCCPA, Plaintiffs may recover punitive damages. Fla. Stat. § 559.77(2).

162.   Under the FCCPA, Courts award statutory damages *per violation*. See *Lehr v. Secure*

*Capital Mgmt., Inc.*, 2014 WL 5810487 (M.D. Fla. Nov. 7, 2014) (awarding $5000

statutory damages; $1000 for violation of each of five sections of Florida debt

collection statute).

### IX. STATUTORY STRUCTURE RIGHT TO PRIVACY

163.   Under RIGL § 9-1-28.1, it is the policy of this state that every person in this state

shall have a right to privacy which shall be defined to include, *inter alia*, the right to

be secure from unreasonable intrusion upon one's physical solitude or seclusion.

### COUNT I – Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(1)(A)(iii)

164.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

165.   Defendant's violations of the TCPA include, but are not limited to, the following:

>      Making and/or initiating a telephone call using an automatic telephone
>      dialing system or an artificial or prerecorded voice to any telephone number
>      assigned to a cellular telephone service, in violation of 47 U.S.C. §
>      227(b)(1)(A)(iii).

166.   As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

167.   Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for "each such violation" pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff using an automatic telephone dialing system or artificial or prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT II – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)

168.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

169.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

> No person or entity may use an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.
>
> 47 CFR § 64.1200(a)(1)(iii).

170.   Plaintiff suffered actual damages from Defendants' robocalls.

171.   As a result of Defendant's actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

24

Case Number: WC-2022-0181
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

172. Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff using an automatic telephone dialing system or artificial or prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT III – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(1)**

173. The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

174. Defendants violated regulations of the TCPA including, but not limited to, the

following:

i. All artificial or prerecorded voice telephone messages shall at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated.

47 CFR § 64.1200(b)(1).

175. Since Defendants did not properly identify themselves to Plaintiff during the

prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur

expenses to conduct further research to determine who was actually calling Plaintiff.

176. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

injunction prohibiting future conduct in violation of the TCPA.

177. Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from using artificial or precorded messages without stating clearly the identity of the business.
5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

### COUNT IV – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(2)

178. The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

179. Defendants violated regulations of the TCPA including, but not limited to, the

following:

i.   During or after the message, state clearly the telephone number of such business, other entity, or individual.

47 CFR § 64.1200(b)(2).

180. Since Defendants did not provide a telephone number to Plaintiff during the

prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur

expenses to conduct further research to determine who was actually calling Plaintiff.

181. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

182. Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from using artificial or prerecorded messages without stating clearly the telephone number of the business.
5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

### COUNT V – Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)

183. The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

184. Defendant's violations of the TCPA include, but are not limited to, the following:

Placing more than one telephone call to Plaintiff's cellular phone without consent in violation of the TCPA regulations.

185. As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

186. Since Defendant's violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

pursuant to 47 U.S.C. § 227(c)(5);

3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff in violation of the regulations.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

## COUNT VI – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)

187. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

188. Defendants violated regulations of the TCPA including, but not limited to, the following:

> No person or entity may use an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.
>
> 47 CFR § 64.1200(a)(1)(iii).

189. Defendants caused actual damages to Plaintiff.

190. As a result of Defendant's actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

191. Since Defendant's violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

using an automatic telephone dialing system or prerecorded message.

4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).

5) Such other relief as the Court may deem just and appropriate.

**COUNT VII – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(1)**

192. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

193. Defendants violated regulations of the TCPA including, but not limited to, the following:

> i. All artificial or prerecorded voice telephone messages shall at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated.
>
> 47 CFR § 64.1200(b)(1).

194. Since Defendants did not properly identify themselves to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to conduct further research to determine who was actually calling Plaintiff.

195. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

196. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from using artificial or precorded messages without stating clearly the identity of the business..
5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

## COUNT VIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(2)

197. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

198. Defendants violated regulations of the TCPA including, but not limited to, the following:

   i.   During or after the message, state clearly the telephone number of such business, other entity, or individual.

   47 CFR § 64.1200(b)(2).

199. Since Defendants did not provide a telephone number to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to conduct further research to determine who was actually calling Plaintiff.

200. Since Defendants did not properly identify themselves to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to conduct further research to determine who was actually calling Plaintiff.

201. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

202. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from using artificial or prerecorded messages without stating clearly the telephone number of the business.
5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

## COUNT IX – RHODE ISLAND DTPA

203. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

204. Defendants violated the restrictions the RI DTPA imposes on them prohibiting Defendants from using unfair and deceptive practices in violation of Rhode Island General Law § 6-13.1 *et seq.*

205. Defendants engaged in false representation or deceptive means to obtain money from a consumer.

206. Defendants engaged in criminal means to obtain money from a consumer.

207. Defendants' actions were unfair to Plaintiff where Plaintiff went out of his way on to tell Defendants to stop calling him.

208. Defendants' actions or transactions are not permitted by the Rhode Island department of business regulation.

209. As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 6-13.1-5.2.

210. The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

General Law § 6-13.1-5.2.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 6-13.1-5.2;
2) Statutory Damages against Defendants in the amount of $500 for each violation of the Rhode Island Deceptive Trade Practices Act pursuant to RIGL § 6-13.1-5.2;
3) Costs and attorney fees pursuant to RIGL § 6-13.1-5.2;
4) Declaratory Relief that Defendants violated the Rhode Island Deceptive Trade Practices Act;
5) Injunctive Relief to refer the Court's findings to the Rhode Island Attorney General for prosecution and forfeiture under RIGL § 6-13.1-5, RIGL § 6-13.1-5.2(c), RIGL § 6-13.1-7, and RIGL § 6-13.1-9.
6) Such other relief as the Court may deem just and appropriate.

## COUNT X – RIGHT TO PRIVACY

211.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

212.   Defendants violated the restrictions the privacy statute imposes on them prohibiting Defendants from invading Plaintiff's privacy in violation of Rhode Island General Law § 9-1-28.1 *et seq.*

213.   As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined pursuant to Rhode Island General Law § 9-1-28.1.

214.   The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island General Law § 9-1-28.1.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 9-1-28.1;
2) Costs and attorney fees pursuant to RIGL § 9-1-28.1;
3) Declaratory Relief that Defendants invaded Plaintiff's privacy.
4) Injunctive Relief to restrain and enjoin Defendants from violating Plaintiff's privacy.
5) Such other relief as the Court may deem just and appropriate.

## COUNT XI - Federal FDCPA – Abuse and Harassment

32

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

215. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

216. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from abusing and harassing persons.

217. The restrictions are codified at 15 USC § 1692(d).

218. Defendants harassed and abused Plaintiff in connection with the collection of a debt.

219. Defendants caused Plaintiff's telephone to ring and engaged Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff at the called number.

220. Defendants' conduct in abusing Plaintiff was criminal in nature.

221. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

**COUNT XII - Federal FDCPA – Communication in connection with debt collection**

222. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

223. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from communicating with consumers when Defendants know it is not

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

convenient to the consumer.

224. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from communicating regarding the collection of a debt with any person other than the consumer.

225. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from communicating to a consumer when Defendants know the consumer told Defendants they had the wrong number.

226. The restrictions are codified at 15 USC § 1692(c).

227. Defendants harassed and abused Plaintiff in connection with the collection of a debt.

228. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

### COUNT XIII - Federal FDCPA - False/Misleading Representations

229. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

230. Defendants violated the restrictions the FDCPA imposes on them prohibiting them from making false, deceptive, or misleading representations, including but not limited to acting as a debt collector in the State of Rhode Island without a registration from the Rhode Island Department of Business Regulations.

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

231.   The restrictions are codified at 15 USC § 1692(e).

232.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
    2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
    3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
    4) Declaratory relief that the Defendants violated the FDCPA,
    5) Referral of this Court's findings to the Federal Trade Commission,
    6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office.
    7) Referral of this Court's findings to the Rhode Island Attorney General.
    8) Such other relief as the Court may deem just and appropriate.

### COUNT XIV - Federal FDCPA - Unfair Practices

233.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

234.   Defendants violated the restrictions the FDCPA imposes on them prohibiting

Defendants from using unfair or unconscionable means while attempting to collect a

debt.

235.   The restrictions are codified at 15 USC § 1692(f).

236.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
    2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
    3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
    4) Declaratory relief that the Defendants violated the FDCPA,
    5) Referral of this Court's findings to the Federal Trade Commission,
    6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
    7) Referral of this Court's findings to the Rhode Island Attorney General.
    8) Such other relief as the Court may deem just and appropriate.

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

## COUNT XV – Federal FDCPA – Validation

237. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

238. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from collecting a debt when Plaintiff disputed the debt and Defendants failed to mail Plaintiff verification of the debt.

239. Defendants violated the restrictions the FDCPA imposes on them mandating that Defendants provide Plaintiff a written notice within five days after initial communication with a consumer.

240. The restrictions are codified at 15 USC § 1692(g).

241. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT XVI - RI FDCPA – Communication in connection with debt collection

242. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

243. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from communicating to a consumer when Defendants know it is not convenient to the consumer.

36

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

244. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from communicating regarding the collection of a debt with any person other than the consumer.

245. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from communicating to a consumer when Defendants know they have the wrong number.

246. The restrictions are codified at RIGL § 19-14.9-5.

247. Defendants harassed and abused Plaintiff in connection with the collection of a debt.

248. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

### COUNT XVII - RI FDCPA – Abuse and Harassment

249. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

250. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from abusing and harassing persons.

251. The restrictions are codified at RIGL § 19-14.9-6.

252. Defendants harassed and abused Plaintiff in connection with the collection of a debt.

253. The Plaintiff suffered damages as a result of the conduct described in this Count.

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

  1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
  2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
  3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
  4) Declaratory relief that the Defendants violated the RI FDCPA,
  5) Referral of this Court's findings to the Federal Trade Commission,
  6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
  7) Referral of this Court's findings to the Rhode Island Attorney General.
  8) Such other relief as the Court may deem just and appropriate.

### COUNT XVIII - RI FDCPA - False/Misleading Representations

254.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

255.   Defendants violated the restrictions the RI FDCPA imposes on them prohibiting them from making false, deceptive, or misleading representations, including but not limited to acting as a debt collector without a proper registration.

256.   The restrictions are codified at RIGL § 19-14.9-7.

257.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

  1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
  2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
  3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
  4) Declaratory relief that the Defendants violated the RI FDCPA,
  5) Referral of this Court's findings to the Federal Trade Commission,
  6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
  7) Referral of this Court's findings to the Rhode Island Attorney General for criminal prosecution under RIGL § 19-14.9-13(1)
  8) Such other relief as the Court may deem just and appropriate.

### COUNT XIX - RI FDCPA - Unfair Practices

258.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

paragraphs and incorporates them into this Count.

259.  Defendants violated the restrictions the RI FDCPA imposes on them prohibiting

Defendants from using unfair or unconscionable means while attempting to collect a

debt.

260.  The restrictions are codified at RIGL § 19-14.9-8.

261.  The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

### COUNT XX - RI FDCPA - Validation

262.  The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

263.  Defendants violated the restrictions the RI FDCPA imposes on them prohibiting

Defendants from collecting a debt when Plaintiff disputed the debt and Defendants

failed to mail Plaintiff verification of the debt.

264.  Defendants violated the restrictions the RI FDCPA imposes on them mandating that

Defendants provide Plaintiff a written notice within five days after initial

communication with a consumer.

265.  The restrictions are codified at RIGL § 19-14.9-9.

266.  The Plaintiff suffered damages as a result of the conduct described in this Count.

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

Case 1:22-cv-00223-JJM-LDA   Document 1-1   Filed 06/08/22   Page 42 of 65 PageID #: 46

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT XXI – FCCPA – **Florida Consumer Collection Practices Act – Use or Threaten Force or Violence**

267. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

268. Defendants engaged in criminal behavior to harass Plaintiff in the unlawful collection of debt.

269. Defendants acted willfully in refusing to comply with the FCCPA.

270. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to Fla. Stat. § 559.77(2),
2) Statutory Damages in the amount of $1,000 for each violation of the FCCPA pursuant to Fla. Stat. § 559.77(2),
3) Punitive Damages in the amount of $1,000 pursuant to Fla. Stat. § 559.77(2),
4) Injunctive Relief to restrain Defendants from further violations of FCCPA, pursuant to Fla. Stat. § 559.77(2),
5) Costs and attorney fees pursuant to Fla. Stat. § 559.77(2),
6) Such other relief as the Court may deem just and appropriate.

## COUNT XXII – FCCPA – **Florida Consumer Collection Practices Act – Disclosure**

271. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

272.   Defendants acted to disclose information regarding a debtor without having a legitimate business need.

273.   Defendants acted to disclose false information regarding a debt.

274.   Defendants acted willfully in refusing to comply with the FCCPA.

275.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to Fla. Stat. § 559.77(2),
    2) Statutory Damages in the amount of $1,000 for each violation of the FCCPA pursuant to Fla. Stat. § 559.77(2),
    3) Punitive Damages in the amount of $1,000 for each violation pursuant to Fla. Stat. § 559.77(2),
    4) Injunctive Relief to restrain Defendants from further violations of FCCPA, pursuant to Fla. Stat. § 559.77(2),
    5) Costs and attorney fees pursuant to Fla. Stat. § 559.77(2),
    6) Such other relief as the Court may deem just and appropriate.

### COUNT XXIII – FCCPA – Florida Consumer Collection Practices Act – Failure to Disclose Dispute

276.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

277.   Defendants acted to disclose information regarding a debt without disclosing that the debt was in dispute.

278.   Defendants acted willfully in refusing to comply with the FCCPA.

279.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to Fla. Stat. § 559.77(2),
    2) Statutory Damages in the amount of $1,000 for each violation of the FCCPA pursuant to Fla. Stat. § 559.77(2),
    3) Punitive Damages in the amount of $1,000 for each violation pursuant to Fla. Stat. § 559.77(2),
    4) Injunctive Relief to restrain Defendants from further violations of FCCPA, pursuant to Fla. Stat. § 559.77(2),

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

     5) Costs and attorney fees pursuant to Fla. Stat. § 559.77(2),
     6) Such other relief as the Court may deem just and appropriate.

## COUNT XXIV – FCCPA – Florida Consumer Collection Practices Act – Illegitimate Enforcement

280. The Plaintiff reasserts the facts and allegations contained in all of the proceeding

    paragraphs and incorporates them into this Count.

281. Defendants attempted to enforce a debt when they knew the debt was not legitimate.

282. Defendants asserted the right to collect a debt when Defendants had no such right.

283. Defendants acted willfully in refusing to comply with the FCCPA.

284. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to Fla. Stat. § 559.77(2),
    2) Statutory Damages in the amount of $1,000 for each violation of the FCCPA pursuant to Fla. Stat. § 559.77(2),
    3) Punitive Damages in the amount of $1,000 for each violation pursuant to Fla. Stat. § 559.77(2),
    4) Injunctive Relief to restrain Defendants from further violations of FCCPA, pursuant to Fla. Stat. § 559.77(2),
    5) Costs and attorney fees pursuant to Fla. Stat. § 559.77(2),
    6) Such other relief as the Court may deem just and appropriate.

## COUNT XXV – FCCPA – Florida Consumer Collection Practices Act – Causing Charges to Debtor

285. The Plaintiff reasserts the facts and allegations contained in all of the proceeding

    paragraphs and incorporates them into this Count.

286. Defendants caused Plaintiff to be charged for their calls by concealing the true

    purpose of the communication.

287. Defendants concealed the purpose of their communication by calling from different

    numbers when they called Plaintiff.

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

288. Defendants acted willfully in refusing to comply with the FCCPA.

289. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to Fla. Stat. § 559.77(2),
    2) Statutory Damages in the amount of $1,000 for each violation of the FCCPA pursuant to Fla. Stat. § 559.77(2),
    3) Punitive Damages in the amount of $1,000 for each violation pursuant to Fla. Stat. § 559.77(2),
    4) Injunctive Relief to restrain Defendants from further violations of FCCPA, pursuant to Fla. Stat. § 559.77(2),
    5) Costs and attorney fees pursuant to Fla. Stat. § 559.77(2),
    6) Such other relief as the Court may deem just and appropriate.

### COUNT XXVI – CIVIL LIABILITY FOR CRIMES AND OFFENSES

290. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

291. Defendants engaged in criminal activity to harass Plaintiff.

292. As a result of such conduct and actions, the Plaintiff has suffered actual damages in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 9-1-2.

293. Such conduct and actions of Defendants were willful and egregious.

    **Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to RIGL § 9-1-2;
    2) Such other relief as the Court may deem just and appropriate.

### COUNT XXVII – RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS

294. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

295. Defendants engaged in racketeering activity to harass Plaintiff.

43

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

296.   Defendants engaged in a pattern of unlawful debt collection activity to enrich their enterprise.

297.   As a result of such conduct and actions, the Plaintiff is entitled to treble damages, and he may recover therefore pursuant to Rhode Island General Law § 7-15-4(c).

298.   Such conduct and actions of Defendant were willful and egregious.

   **Wherefore**, the Plaintiff requests judgment against Defendant for

   1) Treble Damages pursuant to RIGL § 7-15-4(c);
   2) Costs
   3) Attorney Fees
   4) Such other relief as the Court may deem just and appropriate.

**JURY DEMAND**

Plaintiff requests a trial by jury on all Counts.

   The Plaintiff,

   */s/ Christopher Laccinole*
   Christopher M. Laccinole
   23 Othmar St.
   Narragansett, RI 02882
   chrislaccinole@gmail.com

44

# EXHIBIT

# A

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

Aug 25, 2021

Gulf Coast Collection Bureau, Inc.

5630 Marquesas Cir

Sarasota, FL 34233

Dear Gulf Coast Collection Bureau,

I dispute any debt.

Please validate.

All calls are inconvenient.

Please don't call me.

You have the wrong number.

Communicate through US Mail only.

Sincerely,

Chris Laccinole

23 Othmar St.

Narragansett, RI 02882

(401) 258-6072

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/17/2022
Envelope: 3615026
Reviewer: Brittany M.

# UNITED STATES
# POSTAL SERVICE

```
           WAKEFIELD
       551 KINGSTOWN RD
     WAKEFIELD, RI 02879-9994
          (800)275-8777

08/25/2021                    04:36 PM

Product         Qty   Unit     Price
                      Price

First-Class Mail®   1           $1.00
Large Envelope
   Norfolk, VA 23502
   Weight: 0 lb 0.80 oz
   Estimated Delivery Date
   Mon 08/30/2021
   Certified Mail®               $3.60
     Tracking #:
       70200090000192711520
   Return Receipt                $2.85
     Tracking #:
       9590 9402 6473 0346 9308 34
Total                           $7.45

First-Class Mail®   1           $1.00
Large Envelope
   Sarasota, FL 34233
   Weight: 0 lb 0.80 oz
   Estimated Delivery Date
   Mon 08/30/2021
   Certified Mail®               $3.60
     Tracking #:
       70210350000167180113
   Return Receipt                $2.85
     Tracking #:
       9590 9402 6473 0346 9308 41
Total                           $7.45

Grand Total:                   $14.90

Credit Card Remitted           $14.90
   Card Name: VISA
   Account #: XXXXXXXXXXXX0629
   Approval #: 09519D
   Transaction #: 024
   AID: A0000000031010       Chip
   AL: VISA CREDIT
   PIN: Not Required

**************************************
USPS is experiencing unprecedented volume
   increases and limited employee
   availability due to the impacts of
   COVID-19. We appreciate your patience.
**************************************

In a hurry? Self-service kiosks offer
   quick and easy check-out. Any Retail
      Associate can show you how.

Text your tracking number to 28777 (2USPS)
 to get the latest status. Standard Message
   and Data rates may apply. You may also
   visit www.usps.com USPS Tracking or call
           1-800-222-1811.

         Preview your Mail
         Track your Packages
        Sign up for FREE @
     https://informeddelivery.usps.com

Earn rewards on your business account
 purchases of Priority Mail labels
   with the USPS Loyalty program by
     using Click and Ship. Visit
   www.usps.com/smallbizloyalty
         for more info.
```



# EXHIBIT

# B

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619
Reviewer: Brittney M.

# *Gulf Coast*
### COLLECTION BUREAU

9/7/2021

CHRIS LACCINOLE
23 OTHMAR ST
NARRAGANSETT, RI 02882

RE:    Unable to Locate Account(s)

Our office is in receipt of your correspondence informing Gulf Coast Collection Bureau, Inc. (GCCB) of your dispute. GCCB is unable to locate any accounts based on the information provided in your correspondence. If you can provide us with additional information such as your telephone number, provider account number, GCCB File Number, or former address, it may help us locate your account information.

If you wish to send any additional information, please send mail to:

Gulf Coast Collection Bureau, Inc.
PO Box 21239
Sarasota, FL 34276-4239
File Number:

or send email to:
customerservice@gulfcoastcollection.com

You may also visit our website at: www.gccb.net

Thank you,

Account Manager

This communication is from a debt collector.

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

NEOPOST
09/08/2021
US POSTAGE $000.53³

FIRST-CLASS MAIL
ZIP 34243
041M10285894

Received
Sep 13 2021

5630 Marquesas Circle
Sarasota, Florida 34233

# EXHIBIT

# C

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

January 8, 2022

Gulf Coast Collection Bureau, Inc.

5630 Marquesas Cir

Sarasota, FL 34233


Dear Gulf Coast Collection Bureau,

I dispute any debt.

Please validate.

All calls are inconvenient.

Please don't call me.

You have the wrong number.

Communicate through US Mail only.


Sincerely,


Chris Laccinole

23 Othmar St.

Narragansett, RI 02882

(401) 258-6072

Case N_____
Filed i_____
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M

```
                    NARRAGANSETT
                    15 MEMORIAL SQ
                  NARRAGANSETT, RI 02882-3391
                      (800)275-8777

01/08/2022                              12:55 PM

Product              Qty    Unit      Price
                            Price
---------------------------------------------
First-Class Mail®      1               $1.16
Large Envelope
    Sarasota, FL 34233
    Weight: 0 lb 0.90 oz
    Estimated Delivery Date
        Thu 01/13/2022
    Certified Mail®                     $3.75
        Tracking #:
        70211970000207774086
    Return Receipt                      $3.05
        Tracking #:
        9590 9402 7152 1251 7181 01
Total                                   $7.96

First-Class Mail®      1               $1.16
Large Envelope
    Atlanta, GA 30345
    Weight: 0 lb 0.80 oz
    Estimated Delivery Date
        Thu 01/13/2022
    Certified Mail®                     $3.75
        Tracking #:
        70211970000207774079
    Return Receipt                      $3.05
        Tracking #:
        9590 9402 7152 1251 7180 88
Total                                   $7.96

Grand Total:                           $15.92

Credit Card Remitted                   $15.92
    Card Name: VISA
    Account #: XXXXXXXXXXXX
    Approval #: 06382D
    Transaction #: 078
    AID: A0000000031010          Chip
    AL: VISA CREDIT
    PIN: Not Required

*******************************************
USPS is experiencing unprecedented volume
   increases and limited employee
   availability due to the impacts of
   COVID-19. We appreciate your patience.
*******************************************
Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

         Preview your Mail
         Track your Packages
         Sign up for FREE @
      https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
      Thank you for your business.

   Tell us about your experience.
   Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,
```



---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information visit our website at www.usps.com

Sarasota, FL 34233            OFFICIAL USE

Certified Mail Fee  $3.75                    0882
$                                            06
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00      Postmark
☐ Adult Signature Required         $ $0.00         Here
☐ Adult Signature Restricted Delivery $          JAN -8 2022
Postage         $1.16
$                                            01/08/2022
Total Postage and Fees                          USPS
$               $7.96
Sent To  GulfCoast Collection Bureau Inc.
Street and Apt No., or PO Box No.  5630 Marquesas Cir
City, State, ZIP+4®  Sarasota FL 34233

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7021 1970 0002 0777 4086

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Gulf Coast Collection Bureau Inc.
5630 Marquesas Cir
Sarasota FL 34233

9590 9402 7152 1251 7181 01

2. Article Number (Transfer from service label)
7021 1970 0002 0777 4086

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X 3391 CC9                        ☐ Agent
                                  ☐ Addressee
B. Received by (Printed Name)      C. Date of Delivery
   WS  GC                             1/11/2
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature                 ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery  ☐ Registered Mail™
☒ Certified Mail®                 ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery  ☐ Signature Confirmation™
☐ Collect on Delivery             ☐ Signature Confirmation
☐ Collect on Delivery Restricted Delivery    Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

# EXHIBIT

# D

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.



COLLECTION BUREAU

2/7/2022

Chris Laccinole
23 Othmar St.
Narragansett, RI 02882
RE:     Unable to Locate Account(s)

         Our office is in receipt of your correspondence informing Gulf Coast Collection Bureau, Inc.
(GCCB) of your dispute.  GCCB is unable to locate any accounts based on the information provided in
your correspondence.  If you can provide us with additional information such as your telephone number,
provider account number, GCCB File Number, or former address, it may help us locate your account
information.

If you wish to send any additional information, please send mail to:

Gulf Coast Collection Bureau, Inc.
PO Box 21239
Sarasota, FL 34276-4239
File Number:

or send email to:
         customerservice@gulfcoastcollection.com

You may also visit our website at: www.gccb.net

                                        Thank you,

                                        Account Manager

This communication is from a debt collector.

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.



Received
Feb 14 2022

# EXHIBIT

# E

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 8:28 PM
Envelope: 3619201
Reviewer: Brittany M.

ADAD Report



# Public Utility Commission of Texas

## ADAD Report

# GULF COAST COLLECTION BUREAU INC

## Permit No: 160005

**Type:** ADAD
**Permit Approved Date:** 2/17/2016
**Date Last Renewed:** 2/17/2022

## DBA Names

No DBA Records

## Contact Information

*Company / Physical  (Mailing Address):*
GULF COAST COLLECTION BUREAU INC
JACK BROWN III
PRESIDENT
7560 COMMERCE COURT
SARASOTA,FL 34243
**Web:** www.gulfcoastcollection.com
**Email:** brown3@gulfcoastcollection.com
**Phone:** 941-927-6999
**Toll Free:** 888-839-6999
**Fax:** 941-926-8872

*Authorized Rep*
C T CORPORATION SYSTEM
1999 BRYAN STREET
SUITE 900
DALLAS,TX 75201
**Phone:** 555-555-5555

*ADAD Physical Address*
GULF COAST COLLECTION BUREAU INC
JACK BROWN III
55 MARIETTA ST NW
FLOOR 8
ATLANTA,GA 30303
**Email:** brown3@gulfcoastcollection.com
**Phone:** 941-927-6999

## Reports

2021
**ADAD Annual Report**
**Submitted:** 10/13/2021
**Approved:** 10/25/2021

2020
**ADAD Annual Report**
**Submitted:** 10/26/2020
**Approved:** 11/9/2020

2019
**ADAD Annual Report**
**Submitted:** 10/15/2019
**Approved:** 10/28/2019

2018
**ADAD Annual Report**
**Submitted:** 10/11/2018
**Approved:** 10/22/2018

2017

2016

Case Number: WC-2022-0161
Filed in Washington County Superior Court
Submitted: 5/11/2022 6:28 PM
Envelope: 3619201
Reviewer: Brittany M.

ADAD Report

**ADAD Annual Report**
**Submitted:** 10/18/2017
**Approved:** 10/24/2017

**ADAD Annual Report**
**Submitted:** 7/11/2016
**Approved:** 7/22/2016

**Docket/Project/Control Numbers**

No ID Number Records

*End Report*

មើលសេចក្ដីជូនដំណឹងនេះជាភាសាខ្មែរ អេស្ប៉ាញ និងជ័ះ �ទុយប៉ូលនៅលើទំព័រដែលបានភ្ជាប់។

សេចក្ដីជូនដំណឹង

លោកអ្នកមានបណ្ដឹងនៅក្នុងប្រព័ន្ធតុលាការនៃរដ្ឋ **Rhode Island**។

លោកអ្នកមានសិទ្ធិស្នើសុំអ្នកបកប្រែដោយឥតគិតថ្លៃសម្រាប់ខ្លួនឯង។



ដីកាប្រតិបត្តិរបស់តុលាការកំពូលនៃ Rhode Island (Rhode Island Supreme Court Executive Order) លេខ 2012-05 បានចែងថានៅពេលបុគ្គលដែលមានខ្វះចន្លោះដឹងថ្លៃភាសាអង់គ្លេសមានកំណត់ (LEP) បញ្ជូនខ្លួននៅក្នុងតុលាការ តុលាការនៃ Rhode Island នឹងផ្ដល់អ្នកបកប្រែដែលបានអនុញ្ញាតដោយឥតគិតថ្លៃសម្រាប់ចុះចោទ។ ដើម្បីចោទ សាក្សី ជនរងគ្រោះ មាតាបិតារបស់អនីតិជន ឬអ្នកណាម្នាក់ដែលពាក់ព័ន្ធយ៉ាងសំខាន់នៅក្នុងដំណើរការតុលាការ។ សេចក្ដីមួយបកប្រែ ត្រូវបានផ្ដល់ជូនដោយឥតគិតថ្លៃសម្រាប់គ្រប់គ្នា និងនៅគ្រប់ប្រភេទនៃបណ្ដឹង ទាំងរដ្ឋប្បវេណី និងព្រហ្មទណ្ឌ។ អ្នកបកប្រែក្នុងតុលាការធ្វើការនៅក្នុងគ្រប់តុលាការទាំងអស់របស់ប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។ ដើម្បីស្នើសុំអ្នកបកប្រែ ឬរាយការណ៍ពីបញ្ហាសូមធ្វើសកម្មភាពដូចខាងក្រោម ៖

1.  ទូរស័ព្ទមកកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ **(401) 222-8710** ឬ
2.  ផ្ញើអ៊ីម៉ែលមកកាន់ **interpreterfeedback@courts.ri.gov** ឬ
3.  ទៅកាន់ការិយាល័យអ្នកបកប្រែដើម្បីស្នើសុំពេលវេលាអ្នកបកប្រែ ៖

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Fourth Floor, Room 401**
> **250 Benefit Street**
> **Providence, RI 02903**

នៅពេលស្នើសុំអ្នកបកប្រែ សូមផ្ដល់ព័ត៌មានដូចខាងក្រោម ៖

- ឈ្មោះ និងលេខបណ្ដឹងរបស់លោកអ្នក
- ភាសាដែលលោកអ្នកស្នើសុំ
- កាលបរិច្ឆេទ និងម៉ោងនាការរបស់លោកអ្នក
- ទីតាំងនៃនាការរបស់លោកអ្នក
- ឈ្មោះ និងលេខទូរស័ព្ទលោកអ្នកដែលយើងខ្ញុំអាចទំនាក់ទំនងលោកអ្នក ឬមេធាវីលោកអ្នកបាន

---

សម្រាប់ព័ត៌មានបន្ថែមជាភាសាអាល់ប៉ានីយ ទុយប៉ូល រុស្ស៊ី និងអេស្ប៉ាញ រួមទាំងបញ្ជីទម្រង់បែបបទនូវតុលាការនៃដែលមានជាភាសាអេស្ប៉ាញនោះ សូមចូល ទៅកាន់គេហទំព័រយើងខ្ញុំនៅលើអ៊ីនធឺណិត ៖ https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

ដើម្បីស្នើសុំការបកប្រែសេចក្ដីជូនដំណឹងនេះជាភាសាណាមួយផ្សេងទៀត សូមទូរស័ព្ទមកកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710។ វាជាការចាំបាច់ដែលត្រូវមានអ្នកជំនាញភាសាអង់គ្លេសជាមួយលោកអ្នកនៅពេលដែលលោកអ្នកទូរស័ព្ទចូល។

តុលាការ Rhode Island ប្ដេជ្ញាធ្វើឲ្យតុលាការអាចប្រើប្រាស់បានសម្រាប់មនុស្សគ្រប់គ្នា។

ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការ
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15

See this notice in Cambodian, Spanish, and Portuguese on the attached pages. **Español**: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas. **Português**: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# NOTICE

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

**To schedule an interpreter for your day in court, you have the following options:**

1. **Call the Office of Court Interpreters at (401) 222-8710, or**

2. **Send an email message to <u>interpreterfeedback@courts.ri.gov</u>, or**

3. **Visit the interpreters' office to schedule an interpreter:**

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Fourth Floor, Room 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**When requesting an interpreter, please provide the following information:**

> **The name and number of your case**
> **The language you are requesting**
> **The date and time of your hearing**
> **The location of your hearing**
> **Your name and a telephone number where we can reach you or your lawyer**

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the Internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

The Office of Court Interpreters
Licht Judicial Complex Fourth
Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Camboyano:** SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTIFICAÇÃO

## V. Ex.<sup>a</sup> tem um processo em curso no sistema judiciário do Estado de Rhode Island,

## V. Ex.<sup>a</sup> tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (*Limited-English Proficient*) (LEP) comparece em tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

**Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:**

1.   **Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou**

2.   **Enviar uma mensagem de correio eletrónico para <u>interpreterfeedback@courts.ri.gov</u>, ou**

3.   **Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:**

     **Gabinete de Intérpretes Judiciais**
     **Complexo Judicial Licht**
     **Quarto Piso, Sala 401**
     **250 Benefit Street**
     **Providence, RI 02903**

     **Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:**

     - **O nome e número do seu processo**
     - **O idioma que solicita**
     - **A data e hora da sua audiência**
     - **O local da sua audiência**
     - **O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado**

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet:

<u>https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx</u>.

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

9/15

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.

**Español**: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.

**Português**: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# A V I S O

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.

La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.

Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

**Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:**

1. **Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;**

2. **Mandar un correo electrónico a interpreterfeedback@courts.ri.gov; o**

3. **Presentarse a la Oficina de Intérpretes para solicitar un intérprete:**

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Cuarto Piso, Oficina 401 A-B**
> **250 Benefit Street**
> **Providence, RI 02903**

> **Al solicitar un intérprete, por favor provea la siguiente información:**

- **El nombre y el número de su caso**

- **El idioma que solicita**

- **La fecha y hora de su audiencia**

- **Dónde va a tomar lugar su audiencia**

- **Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.**

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15