## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**CHRISTOPHER LACCINOLE**
*Plaintiff*

**Vs.**                                           **CA. NO.: 1:22-cv-00223-JJM-LDA**

**GULF COAST COLLECTION
BUREAU, Inc.
&**                                               **JURY TRIAL REQUESTED**
**JACK WARREN BROWN III,
&
MARIE S. ARESKOG,**

**DOES 1-10, inclusive**
*Defendants*

## FIRST AMENDED COMPLAINT

## I. INTRODUCTION

This is a civil action seeking remedy for criminal violations under multiple federal and state consumer protection statutes. Plaintiff, a consumer, was harassed by debt collectors with robocalls for a debt he never owed. Plaintiff sent Gulf Coast two certified letters telling Gulf Coast not to call Plaintiff because Gulf Coast had the wrong number. However, Gulf Coast continued to robodial Plaintiff for seven months with robocalls and prerecorded voice messages. Plaintiff also asked Gulf Coast to validate any debt alleged to be owed and Gulf Coast refused to validate any debt. Plaintiff doesn't owe Gulf Coast any money and he doesn't have any account or any business relationship with Gulf Coast whatsoever. Gulf Coast has a long history of harassing consumers who don't owe them money. As of the time of filing of this Complaint, Gulf Coast has a rating of 1 star rating

(out of five stars) from the Better Business Bureau with over 51 closed complaints.[1]  The

Consumer Financial Protection Bureau has received 248 complaints about Gulf Coast

Collection Bureau.  Federal Court records at Pacer.gov indicate that Gulf Coast has been

sued in federal courts over 70 times for consumer protection violations.  Jack Warren Brown

III ("Brown") is an attorney and the CEO of Gulf Coast, and he manages Gulf Coast's illicit

operations.  Marie S. Areskog ("Areskog") is the Chief Operations Officer of Gulf Coast

and ensures "compliance."

This case also raises criminal issues.  Neither Gulf Coast, nor Brown, nor Areskog is

registered to collect debt in the State of Rhode Island as required by RIGL § 19-14.9-12.

The Rhode Island Fair Debt Collection Practices Act criminalizes unregistered debt

collection with fines and imprisonment for up to one year.[2]

1.    The Plaintiff brings this action alleging that the Defendants Gulf Coast, Brown,

Areskog, and Does 1-10 engaged in harassing, abusive, and prohibited conduct while

attempting to collect an alleged debt in violation of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Telephone

Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"), Florida Consumer

Collection Practices Act Fla. Stat. §§ 559.55 to 559.785 (referred to herein as

"FCCPA"), and the Rhode Island Fair Debt Collection Practices Act, RIGL § 19-

14.9, *et seq.* (hereinafter "RI FDCPA"). The Plaintiff seeks statutory damages, actual

damages, injunctive relief, punitive damages, costs, and attorney's fees from each

Defendant under the FDCPA, TCPA, FCCPA, RIFDCPA, and RIGL § 9-30-2.

---

[1] https://www.bbb.org/us/fl/sarasota/profile/collections-agencies/gulf-coast-collection-bureau-inc-0653-62002434; Accessed August 7, 2022.
[2] See RIGL § 19-14.9-13(1).

2.     The Plaintiff also alleges that Defendants' conduct while attempting to collect the

alleged debt constituted an unfair and deceptive practice in violation of the Rhode

Island Deceptive Trade Practices Act, RIGL § 6-13.1 *et seq.* (hereinafter "DTPA").

The Plaintiff seeks statutory damages, actual damages, costs, attorney's fees, and

injunctive relief for each Defendant under the DTPA.

3.     The Plaintiff also alleges that Defendants' conduct violated Plaintiff's right to privacy

under RIGL § 9-1-28.1 *et seq.*  The Plaintiff seeks actual damages, costs, attorney's

fees, and injunctive relief from each Defendant under the statute.

4.     Plaintiff seeks Declaratory Relief under the Rhode Island Uniform Declaratory

Judgments Act (RIGL § 9-30-1) that Defendants cannot collect debt in Rhode Island

without being registered as a debt collector with the Rhode Island Department of

Business Regulation.

5.     The Plaintiff also alleges that he is a victim of Defendants' crimes and offenses.

Plaintiff seeks damages under RIGL § 9-1-2 for civil liability for crimes and offenses.

6.     Any violations by Defendants were knowing, willful, intentional, and Defendants

did not maintain procedures reasonably adapted to avoid any such violation.

## II.  JURISDICTION AND VENUE

7.     This Court has jurisdiction to hear FDCPA claims pursuant to 15 U.S.C. §

1692(k)(d).

8.     This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47

U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

9.     This Court has jurisdiction to hear RI FDCPA claims pursuant to RIGL § 19-14.9-

13(5).

10.     This Court has jurisdiction to hear RI DTPA claims pursuant to RIGL § 6-13.1-5.2.

11.     This Court also has jurisdiction to hear the FCCPA claims under Florida Statutes § 559.77(1).

12.     This Court has jurisdiction to hear the Uniform Declaratory Judgments Act claims pursuant to RIGL § 9-30-1.

13.     This Court has jurisdiction to hear the civil liability claims pursuant to RIGL § 9-1-2.

14.     The Plaintiff is a resident of this County and the conduct complained of took place in this County.

### III.  PARTIES

15.     The Plaintiff is an adult resident, of the Town of Narragansett, County of Washington, State of Rhode Island.

16.     Plaintiff has never had a business relationship with Gulf Coast.

17.     Plaintiff is a consumer as that term is defined by 15 USC § 1692a(3).

18.     Plaintiff is a consumer as that term is defined by RIGL § 19-14.9-3(1).

19.     Plaintiff is a debtor or consumer as those terms are defined by Florida Statutes § 559.55(8).

20.     Plaintiff is a person as that term is defined or referenced by 15 USC § 1692d.

21.     Plaintiff is a person as that term is defined or referenced by RIGL § 19-14.9-6.

22.     Plaintiff is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, RIGL § 9-1-28.1.

23.     As a consumer, Plaintiff purchased a cellular telephone for personal and household use.

24.     In purchasing his cellular telephone and cellular telephone service, Plaintiff—as a

natural person—became obligated or allegedly obligated to pay a debt to the cellular telephone service provider.

25. Upon information and belief, Defendant Gulf Coast is a national collection agency formed and headquartered in the State of Florida.

26. The principal purpose of Gulf Coast is the collection of debts using the mails and telephone and other means.

27. Gulf Coast regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

28. Gulf Coast is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

29. Gulf Coast is a "debt collector" as that term is defined by RIGL § 19-14.9-3 (5).

30. Gulf Coast is a "consumer collection agency" as defined by the FCCPA at Fla. Stat. § 559.55(3).

31. Gulf Coast operates as a debt collector in the State of Rhode Island, and is not registered through the Rhode Island Department of Business Regulations to conduct business in the State of Rhode Island.

32. Upon information and belief, Gulf Coast may be served upon its registered agent in the State of Florida, to wit: Jack Brown III, 5630 Marquesas Cir., Sarasota, FL 34233.

33. Jack W Brown III is a natural person who works in Florida.

34. Brown is the CEO of Gulf Coast.

35. Upon information and belief, Brown directs Gulf Coast company policies. Brown

directly or indirectly instructed the employees of Gulf Coast to act in the manner they acted when attempting collections from Plaintiff as described in the paragraphs herein.

36.    Brown regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

37.    Brown authorized and directed Gulf Coast to employ automatic telephone dialing devices to contact consumers.

38.    Brown uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

39.    Brown is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is a "debt collector" as that term is defined by RIGL § 19-14.9-3 (5).

40.    Brown can be served wherever he may be found in accordance with Rhode Island or Florida law.

41.    Marie S. Areskog  is a natural person who works in Florida.

42.    Areskog is the Chief Operations Officer ("COO") of Gulf Coast.

43.    Areskog also goes by the name of Marie St. James.

44.    Upon information and belief, Areskog directly or indirectly instructed the employees of Gulf Coast to act in the manner they acted when attempting collections in Rhode Island as described in the paragraphs herein.

45.    Areskog regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the

money, property, or services which are the subject of the transactions are primarily
for personal, family or household purposes.

46.    Areskog engages in soliciting the right to collect or receive payment for another of an
account, bill, or other indebtedness, or advertise for or solicit in print the right to
collect or receive payment for another of an account, bill, or other indebtedness.

47.    Areskog uses interstate commerce and the mails in a business the principal purpose
of which is the collection of debts.

48.    Areskog is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is a
"debt collector" as that term is defined by RIGL § 19-14.9-3 (5).

49.    Areskog can be served wherever she may be found in accordance with Rhode Island
or Florida law.

50.    Other defendants may be discovered in the course of litigation, and Plaintiff
respectfully prays that the Court will permit the addition of later discovered parties
upon motion.

## IV.  FACTUAL ALLEGATIONS

51.    At all times relevant to this Complaint, Defendants were engaged in the business of
regularly collecting Debts, originally owed to third parties.

52.    At all times relevant to this Complaint, Defendants acted as "Debt Collectors" as
defined by the FDCPA at 15 U.S.C. § 1692(a)(6), and the RI FDCPA at RIGL § 19-
14.9-3.

53.    At all times relevant to this Complaint, Defendants acted as a "consumer collection
agency" as defined by the FCCPA at Fla. Stat. § 559.55(3).

54.    Plaintiff does not owe any Defendant any money.

55.    Gulf Coast acted at all times mentioned herein through its employee(s), including but not limited to Jack Brown, Marie Areskog, and Diane Frost.

56.    In 2019, Plaintiff purchased a phone and prepaid phone service plan.

57.    On August 25, 2021, Plaintiff received a call from 866 991 7360.

58.    When Plaintiff heard the call, there was a six second pause, followed by a click and transfer to a female operator.

59.    The operator asked to speak to a name that Plaintiff did not recognize or understand.

60.    When Plaintiff asked which company the operator was calling from, the operator stated, "This is Gulf Coast Collection Bureau calling."

61.    The operator did not provide any account information to Plaintiff.

62.    The operator did not provide any account number to Plaintiff.

63.    Plaintiff subsequently discovered that Gulf Coast Collection Bureau is a debt collector.

64.    In sworn deposition testimony, Defendant Jack Brown previously testified that a consumer would interpret such a call from Gulf Coast as a collection call, where the purpose of the call was that Gulf Coast was attempting to collect a debt.  (See Exhibit J, Pages 36-37).

*Plaintiff sends Gulf Coast his first Do Not Call letter.*

65.    The Federal Trade Commission gives consumers very specific guidance on what to do when they receive calls from a debt collector they don't recognize.  Plaintiff reviewed this guidance, "Don't recognize that debt? Here's what to do."[3]

66.    In the guidance, the FTC advises consumers:

---

[3] Don't recognize that debt? Here's what to do.  Dan Dyer, Federal Trade Commission Division of Financial Practices, December 8, 2015; attached to this Amended Complaint as Exhibit A.

**"Don't give additional personal information... Refuse to discuss the debt until you get a**

**"validation notice."... Dispute the debt in writing."**

67.    That same day, on August 25, 2021, Plaintiff sent a certified letter (return receipt requested) to Gulf Coast Collection Bureau at 5630 Marquesas Cir., Sarasota, FL 34233.

68.    In Plaintiff's letter, Plaintiff provided his name, telephone number, and full mailing address.

69.    In Plaintiff's letter, he stated, "*All calls are inconvenient.  Please don't call me.  You have the wrong number.*"

70.    Gulf Coast employee "Diane Frost" received and signed for Plaintiff's letter on August 30, 2021.

71.    Plaintiff attaches a copy of his August 25, 2021 letter to Gulf Coast (and the mailing receipts) as Exhibit B to this Complaint.

72.    Despite receiving Plaintiff's letter, Defendants continued to call Plaintiff.

73.    On September 13, 2021, Plaintiff received a letter in his mailbox from Gulf Coast where Gulf Coast incredibly asked Plaintiff to provide his telephone number—even though Plaintiff's original letter specifically included his telephone number.

74.    Gulf Coast's letter further asked Plaintiff for his account number and file number— even though Plaintiff did not have any account or file with Gulf Coast.

75.    Gulf Coast never provided any account number or file number to Plaintiff, so there was no way for Plaintiff to know that information.

76.    Plaintiff attaches a copy of the letter from Gulf Coast to Plaintiff as Exhibit C to this Complaint.

77.   Gulf Coast's letter encouraged Plaintiff to "visit our website at www.gccb.net."

When Plaintiff visited the website, the Gulf Coast website stated:

> This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector. Calls to or from this company may be monitored or recorded.

78.   Plaintiff attaches a copy of the Gulf Coast website www.gccb.net as Exhibit D to this Complaint.

79.   Despite receiving Plaintiff's certified mail do-not-call letter, Gulf Coast continued to robocall Plaintiff.

80.   During many of the calls that Gulf Coast subsequently placed to Plaintiff, Gulf Coast played a prerecorded voice message when Plaintiff answered the phone.

81.   After Plaintiff answered the calls from Gulf Coast, Plaintiff heard prerecorded voice messages stating, "Nobody is available to take your call at the moment." Then the recording would blare music at full volume for several seconds. After the music, the prerecorded message started again and included an artificial voice, "You are the….*SECOND*…. caller in line. An agent will be with you shortly." Then Gulf Coast began blaring the music again and put Plaintiff on hold.

82.   Gulf Coast used the same artificial and prerecorded voice message scheme repeatedly when calling Plaintiff.

83.   During one of the calls when Gulf Coast called Plaintiff, Plaintiff answered the call and there was no one on the other end of the line for seventeen seconds and Gulf Coast hung up.

*Plaintiff sends Gulf Coast his second Do Not Call letter.*

84.   After over four months of robocalls from Gulf Coast, Plaintiff was forced to send a

second letter to Gulf Coast.

85.    On January 8, 2022, Plaintiff sent a SECOND certified letter (return receipt requested) to Gulf Coast Collection Bureau at 5630 Marquesas Cir., Sarasota, FL 34233.

86.    In Plaintiff's letter, Plaintiff provided his name, telephone number, and full mailing address.

87.    In Plaintiff's letter, he stated, "*All calls are inconvenient.  Please don't call me.  You have the wrong number.*"

88.    A Gulf Coast employee received and signed for Plaintiff's letter on January 11, 2022.

89.    Plaintiff attaches a copy of his January 8, 2022 letter to Gulf Coast (and the mailing receipts) as Exhibit E to this Complaint.

90.    Despite receiving Plaintiff's second letter, Defendants continued to call Plaintiff.

91.    On February 14, 2022, Plaintiff received a letter in his mailbox from Gulf Coast where Gulf Coast incredibly asked Plaintiff again to provide his telephone number—even though Plaintiff's first and second letters specifically included his telephone number.

92.    Gulf Coast's letter further asked Plaintiff (again) for his account number and file number—even though Plaintiff did not have any account or file with Gulf Coast.

93.    Plaintiff attaches a copy of the letter from Gulf Coast to Plaintiff as Exhibit F to this Complaint.

94.    Gulf Coast continued to robocall Plaintiff with prerecorded voice messages.

95.    Gulf Coast called Plaintiff from several different phone numbers so that Plaintiff would not know if a new number was a Gulf Coast number or a legitimate telephone

call.

96. During one of the Gulf Coast calls, Gulf Coast played a prerecorded message and then an operator joined the call. Plaintiff could not understand the operator, so he asked which company he was from. The operator said, "Thanks," and hung up on Plaintiff. The operator never identified the name of the company, but Plaintiff subsequently learned that it was from Gulf Coast.

97. Upon information and belief, Gulf Coast uses a predictive dialer to contact Plaintiff.

98. The tell-tale sign of a predictive dialer is when the system's pacing is set too high, and the system automatically dials more consumers than there are operators to respond to answered calls. So, the system plays prerecorded messages because there will not be an operator at the call center to attend to the answered call.

99. Upon information and belief, Defendants employ an automatic telephone dialing system because there was no human on the other end of the call during several of these calls. The further evidence of this system is that during some of the calls, Plaintiff heard an audible click followed by a pause and then an operator joined the call.

100. The further evidence of this automatic telephone dialing system is that Gulf Coast terminated the call seventeen seconds after Plaintiff answered the call.

101. The further evidence of this automatic telephone dialing system is that Gulf Coast and Defendant Jack Brown applied and obtained a permit for Gulf Coast's autodialing system with the State of Texas Public Utilities Commission through the State's Automatic Dial Announcing Device Permit Process. See Exhibit G for Defendants' permit with the State of Texas.

102. To call Plaintiff's cellular telephone, Defendants utilized a calling platform ("Platform") that allowed the transmission of thousands of calls without human involvement.

103. This is evident because on many occasions, Plaintiff received and answered phone calls from Defendants, only to be placed on hold and forced to listen to a prerecorded message while no human was on the other end of the call.

104. Specifically, upon information and belief, Defendants utilized a combination of hardware and software systems to call Plaintiff. The systems utilized by Defendants have the capacity to store telephone numbers using a random or sequential generator, and to dial such numbers from a list without human intervention.

105. The Platform has the capacity to store telephone numbers, which capacity was in fact utilized by Defendants.

106. The Platform has the capacity to generate sequential numbers, which capacity was in fact utilized by Defendants to determine the order in which to pick phone numbers from a preproduced list.

107. The Platform has the capacity to dial numbers in sequential order, which capacity was in fact utilized by Defendants.

108. The Platform has the capacity to dial numbers from a list of numbers, which capacity was in fact utilized by Defendants.

109. The Platform has the capacity to dial numbers without human intervention, which capacity was in fact utilized by Defendants.

110. The Platform has the capacity to schedule the time and date for future transmission of phone calls, which occurs without any human involvement.

111.   To call telephone numbers, Defendants' Platform automatically executed the following steps:

   a.   The Platform retrieved each telephone number from a list of numbers in the sequential order the numbers were listed;

   b.   The Platform then generated each number in the sequential order listed and dialed each number;

   c.   Each call was then placed in the sequential order listed to mobile carriers (e.g., AT&T), and consumers.

   d.   Upon the answer of Plaintiff, the Platform transferred the call – automatically and with no human intervention – to a queue in which Defendants could supply a live operator, again in the sequential order listed by Defendants.  If no live operator (human) was available, the Platform – automatically and with no human intervention – terminated the call or played a prerecorded and artificial voice message.

112.   The above execution of these instructions occurred seamlessly, with no human intervention, and almost instantaneously.  Indeed, the Platform is capable of transmitting thousands of calls following the above steps in minutes, if not less.

113.   Gulf Coast called Plaintiff several times after Gulf Coast knew it had the wrong number.

114.   Upon information and belief, Gulf Coast uses the phone number 866 991 7360 to contact consumers such as Plaintiff.

115.   Upon information and belief, Gulf Coast uses the phone number 941 300 5827 to contact consumers such as Plaintiff.

116.    Plaintiff does not have an account with Gulf Coast.

117.    Plaintiff has no pre-existing business relationship with Gulf Coast and never requested by an agreement or otherwise that he be contacted.

118.    In the letters that Plaintiff sent to Gulf Coast, Plaintiff disputed any debt, and Plaintiff asked Gulf Coast to validate any debt.

119.    Gulf Coast never validated any debt to Plaintiff.

120.    Plaintiff never provided his consent to Gulf Coast to be contacted on his cellular telephone.

121.    Plaintiff's phone number is part of the national Do Not Call registry.

122.    Despite two clear and unmistakable certified mail requests that Gulf Coast stop calling Plaintiff, Gulf Coast called Plaintiff over and over again.

123.    During all of Gulf Coast's communications with Plaintiff, Gulf Coast never disclosed that the debt was in dispute.

124.    The telephone calls to Plaintiff's cellular telephone number were not initiated for an emergency purpose.

125.    Defendants do not maintain a written policy for maintaining a do-not-call list.

126.    Defendants have not informed and trained personnel engaged in making calls on the use of the do-not-call list.

127.    Defendants have subsequently called Plaintiff after Plaintiff notified Defendants that they have the wrong number.

128.    Defendants placed more than one telephone call to Plaintiff within the last 12-month period.

129.    Plaintiff incurred actual damages as a result of Defendants' unlawful conduct.

130. At all times relevant to this Complaint, Defendants were subject to the Rhode Island FDCPA registration requirement at RIGL § 19-14.9-12.

131. When the Defendants repeatedly dialed Plaintiff's 401 area code Rhode Island phone number, Gulf Coast was not registered with the Rhode Island Department of Business Regulation to engage in the business of collecting or receiving payment for a debt in Rhode Island.

132. In the year preceding the filing of this lawsuit, Gulf Coast was not registered with the Rhode Island Department of Business Regulation to engage in the business of debt collection in Rhode Island.

133. Gulf Coast's failure to be registered means it failed to comply with the registration requirements contained in Rhode Island General Law 19-14.9-12.

134. Because it failed to submit itself to the registration process, the State of Rhode Island was deprived of its authority to determine the suitability of Gulf Coast to engage in the business of collecting or receiving payment for debts in Rhode Island from Rhode Island residents.

135. Where Rhode Island criminalizes unregistered debt collection at RIGL § 19-14.9-13, the activities of Gulf Coast, Jack Brown, and Marie Areskog constitute criminal acts.

136. Defendants repeatedly called Plaintiff in violation of federal and state laws in a pattern of unlawful debt collection.

137. Defendant Marie Areskog, who also goes by the name Marie St. James, published an extensive resume on the website LinkedIn.

138. On Defendant Areskog's website, she identifies herself as Chief Operations Officer of Gulf Coast and describes her individual role at Gulf Coast as follows:

Functions of the role include:
• Ensure smooth, profitable, and compliant operations
• Provide strategic direction, leading, managing and directing all operational activities of the organization
• Accountability for overall profitability of the operational activities of the organization
• Build relationships between the operations and support divisions and ensuring the business units receive adequate operational support
• Providing support and assistance to the CEO on corporate and group issues where required.
• Communicating with the CEO to ensure he remains fully informed of all significant operating issues
• Actin, as required or in the absence of the CEO, as the chief spokesperson for the organization
• Oversee Operations Management, Information Technology, and Tier 1 Client Services
• Oversee hiring of collections staff
• Management Development
• Ensure compliance with relevant laws, policies, and procedures
• Quality assurance of all process
• Participate and Contribute in monthly executive meetings
• Analyze and review collection statistics to improve operation performance

139.   Plaintiff attaches a copy of the LinkedIn Resume from Defendant Areskog to this Amended Complaint as Exhibit H.

140.   When Defendant Areskog refers to the "CEO" above, she refers to Defendant Jack Brown who is the Chief Executive Officer of Gulf Coast.

141.   Defendant Areskog "directs all operational activities" of Gulf Coast.

142.   Defendant Areskog is responsible to "ensure compliance with relevant laws, policies, and procedures" for Gulf Coast.

143.   Defendant Areskog directly communicates with the CEO Defendant Jack Brown to ensure he remains fully informed of all significant operating issues, including compliance with laws such as Rhode Island's laws.

144.   Defendants Areskog and Brown directed Gulf Coast Employees to attempt to collect debt in the State of Rhode Island and from Rhode Island consumers.

145.    Defendant Marie Areskog purposely availed herself of the privilege of conducting activities in Rhode Island.

146.    Defendant Marie Areskog purposefully directs Gulf Coast's activities to residents of Rhode Island.

147.    Defendant Jack Brown maintains a LinkedIn webpage where he identifies himself as an expert in "contact centers," which is debt collection industry parlance for the robocalling centers of debt collectors.  (See Exhibit I attached).

148.    In a previous deposition with Defendant Jack Brown, he testified that he was the person responsible for developing the policies and procedures to ensure compliance with the Fair Debt Collection Practices Act.  (See Exhibit J attached, Page 40, lines 5-19).

149.    Upon information and belief, Jack Brown personally owns at least 20% of Gulf Coast.

150.    Defendant Jack Brown, as a principal of Gulf Coast, directs Gulf Coast and Gulf Coast agents such as Defendant Marie Areskog to attempt to collect debt in the State of Rhode Island.

151.    Because of his ownership stake, Defendant Jack Brown directly and personally benefits from the attempts to collect debt in the State of Rhode Island.

152.    Defendant Jack Brown purposely availed himself of the privilege of conducting activities in Rhode Island.

153.    Defendant Jack Brown purposefully directs Gulf Coast's activities to residents of Rhode Island.

154.    Defendants Brown and Areskog directed unwanted calls from Gulf Coast to cell

18

phone numbers with 401 area codes.

155.    Defendants' phone calls harmed Plaintiff by causing the very harm that Congress

sought to prevent—a "nuisance and invasion of privacy."

156.    Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with

Plaintiff's rights and interests in Plaintiff's cellular telephone.

157.    Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with

Plaintiff's rights and interests in Plaintiff's cellular telephone line.

158.    Defendants' phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

159.    Defendants harassed Plaintiff by incessantly calling Plaintiff's telephone.

160.    Defendants' phone calls harmed Plaintiff by causing Plaintiff aggravation and

annoyance.

161.    Defendants' phone calls harmed Plaintiff by wasting Plaintiff's time.

162.    Defendants' phone calls harmed Plaintiff by depleting the battery life on Plaintiff's

cellular telephone.

163.    Defendants' phone calls harmed Plaintiff by using minutes allocated to Plaintiff by

Plaintiff's cellular telephone service provider.

164.    Defendants' phone calls harmed Plaintiff by using data storage space in Plaintiff's

cellular telephone.

**COUNT I – Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(1)(A)(iii)**

165.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

166.    Defendants' violations of the TCPA include, but are not limited to, the following:

Making and/or initiating a telephone call using an automatic telephone
dialing system or an artificial or prerecorded voice to any telephone number

assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

167.    As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

168.    Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for "each such violation" pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendants from calling Plaintiff using an automatic telephone dialing system or artificial or prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT II – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)**

169.    The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

170.    Defendants violated regulations of the TCPA including, but not limited to, the following:

No person or entity may use an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 CFR § 64.1200(a)(1)(iii).

171.    Plaintiff suffered actual damages from Defendants' robocalls.

172.    As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

173.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendants from calling Plaintiff using an automatic telephone dialing system or artificial or prerecorded message.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT III – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(1)**

174.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

175.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

i.    All artificial or prerecorded voice telephone messages shall at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated.

47 CFR § 64.1200(b)(1).

176.    Since Defendants did not properly identify themselves to Plaintiff during the

prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur

expenses to conduct further research to determine who was actually calling Plaintiff.

177.    As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

178.    Since the disclosure requirement at § 64.1200(b)(1) is a privacy protection, under 47

U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00

for each such violation and an injunction prohibiting future conduct in violation of

the TCPA.

179.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
4) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
5) Declaratory Relief that Defendants violated the TCPA.
6) Injunctive Relief to restrain and enjoin Defendants from using artificial or prerecorded messages without stating clearly the identity of the business.
7) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
8) Such other relief as the Court may deem just and appropriate.

### COUNT IV – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(2)

180.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

181.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

       i.    During or after the message, state clearly the telephone number of such business, other entity, or individual.

47 CFR § 64.1200(b)(2).

182.    Since Defendants did not provide a telephone number to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to conduct further research to determine who was actually calling Plaintiff.

183.    As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

184.    Since the disclosure requirement at § 64.1200(b)(1) is a privacy protection, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

185.    Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
4) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
5) Declaratory Relief that Defendants violated the TCPA.
6) Injunctive Relief to restrain and enjoin Defendants from using artificial or prerecorded messages without stating clearly the telephone number of the business.
7) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
8) Such other relief as the Court may deem just and appropriate.

## COUNT V – RHODE ISLAND DTPA

186.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

187.    Defendants violated the restrictions the RI DTPA imposes on them prohibiting

Defendants from using unfair and deceptive practices in violation of Rhode Island

General Law § 6-13.1 *et seq.*

188.    Defendants engaged in false representation or deceptive means to obtain money from

a consumer.

189.    Defendants engaged in criminal means to obtain money from a consumer.

190.    Defendants' actions were unfair to Plaintiff where Plaintiff went out of his way on to

tell Defendants to stop calling him.

191.    Defendants' actions or transactions are not permitted by the Rhode Island

department of business regulation.

192.    As a result of such conduct and actions, the Plaintiff has suffered actual damages, in

an amount to be determined by the court, and he may recover therefore pursuant to

Rhode Island General Law § 6-13.1-5.2.

193.    The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island

General Law § 6-13.1-5.2.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 6-13.1-5.2;
2) Statutory Damages against Defendants in the amount of $500 for each
   violation of the Rhode Island Deceptive Trade Practices Act pursuant to
   RIGL § 6-13.1-5.2;
3) Costs and attorney fees pursuant to RIGL § 6-13.1-5.2;
4) Declaratory Relief that Defendants violated the Rhode Island Deceptive
   Trade Practices Act;
5) Injunctive Relief to refer the Court's findings to the Rhode Island

Attorney General for prosecution and forfeiture under RIGL § 6-13.1-5,
RIGL § 6-13.1-5.2(c), RIGL § 6-13.1-7, and RIGL § 6-13.1-9.

6) Such other relief as the Court may deem just and appropriate.

## COUNT VI – RIGHT TO PRIVACY

194. The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

195. Defendants violated the restrictions the privacy statute imposes on them prohibiting

Defendants from invading Plaintiff's privacy in violation of Rhode Island General

Law § 9-1-28.1 *et seq*.

196. Defendants intruded upon Plaintiff's seclusion.

197. As a result of such conduct and actions, the Plaintiff has suffered actual damages, in

an amount to be determined pursuant to Rhode Island General Law § 9-1-28.1.

198. The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island

General Law § 9-1-28.1.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 9-1-28.1;
2) Costs and attorney fees pursuant to RIGL § 9-1-28.1;
3) Declaratory Relief that Defendants invaded Plaintiff's privacy.
4) Injunctive Relief to restrain and enjoin Defendants from violating
   Plaintiff's privacy.
5) Such other relief as the Court may deem just and appropriate.

## COUNT VII - Federal FDCPA – Abuse and Harassment

199. The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

200. Defendants violated the restrictions the FDCPA imposes on them prohibiting

Defendants from abusing and harassing persons.

201. The restrictions are codified at 15 USC § 1692(d).

202. Defendants harassed and abused Plaintiff in connection with the collection of a debt.

203. Defendants caused Plaintiff's telephone to ring and engaged Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff at the called number.

204. Defendants' conduct in abusing Plaintiff was criminal in nature.

205. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB),
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

**COUNT VIII - Federal FDCPA – Communication in connection with debt collection**

206. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

207. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from communicating with consumers when Defendants know it is not convenient to the consumer.

208. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from communicating regarding the collection of a debt with any person other than the consumer.

209. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from communicating to a consumer when Defendants know the

consumer told Defendants they had the wrong number.

210.    The restrictions are codified at 15 USC § 1692(c).

211.    Defendants harassed and abused Plaintiff in connection with the collection of a debt.

212.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB),
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

### COUNT IX - Federal FDCPA - False/Misleading Representations

213.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

214.    Defendants violated the restrictions the FDCPA imposes on them prohibiting them from making false, deceptive, or misleading representations, including but not limited to acting as a debt collector in the State of Rhode Island without a registration from the Rhode Island Department of Business Regulations.

215.    The restrictions are codified at 15 USC § 1692(e).

216.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,

5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB).
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT X - Federal FDCPA - Unfair Practices

217. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

218. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from using unfair or unconscionable means while attempting to collect a debt.

219. It is unfair for Defendants to run an unregistered debt collection business in the State of Rhode Island, while other legitimate debt collectors comply with Rhode Island State law.

220. It is unconscionable for Defendants to call a Rhode Islander repeatedly when they have no registration to collect debt in Rhode Island.

221. It is unconscionable for Defendants to call a consumer repeatedly when that consumer expressly asked repeatedly to not be called.

222. It is unconscionable for Defendants to call a consumer repeatedly and then hang up on him.

223. The restrictions are codified at 15 USC § 1692(f).

224. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),

4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB),
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT XI – Federal FDCPA – Validation

225.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

226.    The restrictions are codified at 15 USC § 1692(g).

227.    Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from collecting a debt when Plaintiff disputed the debt and Defendants failed to mail Plaintiff verification of the debt.

228.    Defendants violated the restrictions the FDCPA imposes on them mandating that Defendants provide Plaintiff a written notice within five days after initial communication with a consumer.

229.    Defendants failed to send Plaintiff a written notice containing the amount of the debt.

230.    Defendants never provided the account number of the underlying debt to Plaintiff.

231.    Defendants failed to send Plaintiff a written notice containing the name of the creditor to whom the debt is owed.

232.    Defendants failed to send Plaintiff a statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes that validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

233.    Defendants failed to send Plaintiff a statement that if the consumer notifies the debt collector in writing within the thirty-day (30) period that the debt, or any portion

thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

234.    Defendants failed to send Plaintiff a statement that, upon the consumer's written request within the thirty-day (30) period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

235.    After Plaintiff notified Defendants in writing within the thirty-day (30) period that he disputed the debt, Defendants continued collection of the debt.  Defendants refused to obtain verification of the debt or a copy of a judgment.  Defendants refused to obtain the name and address of the original creditor.  Defendants refused to obtain a copy of such verification or judgment, or name and address of the original creditor. Defendants refused to mail any of the above documents to Plaintiff.

236.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB),
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

**COUNT XII - RI FDCPA – Communication in connection with debt collection**

237.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

238. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from communicating to a consumer when Defendants know it is not convenient to the consumer.

239. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from communicating regarding the collection of a debt with any person other than the consumer.

240. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from communicating to a consumer when Defendants know they have the wrong number.

241. The restrictions are codified at RIGL § 19-14.9-5.

242. Defendants harassed and abused Plaintiff in connection with the collection of a debt.

243. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Rhode Island Attorney General.
6) Such other relief as the Court may deem just and appropriate.

## COUNT XIII - RI FDCPA – Abuse and Harassment

244. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

245. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from abusing and harassing persons.

246. The restrictions are codified at RIGL § 19-14.9-6.

247.    Defendants harassed and abused Plaintiff in connection with the collection of a debt.

248.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

> 1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
> 2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
> 3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
> 4) Declaratory relief that the Defendants violated the RI FDCPA,
> 5) Referral of this Court's findings to the Rhode Island Attorney General.
> 6) Such other relief as the Court may deem just and appropriate.

### COUNT XIV - RI FDCPA - False/Misleading Representations

249.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

250.    Defendants violated the restrictions the RI FDCPA imposes on them prohibiting them from making false, deceptive, or misleading representations, including but not limited to acting as a debt collector without a proper registration.

251.    The restrictions are codified at RIGL § 19-14.9-7.

252.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

> 1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
> 2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
> 3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
> 4) Declaratory relief that the Defendants violated the RI FDCPA,
> 5) Referral of this Court's findings to the Rhode Island Attorney General for criminal prosecution under RIGL § 19-14.9-13(1)
> 6) Such other relief as the Court may deem just and appropriate.

### COUNT XV - RI FDCPA - Unfair Practices

253.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

254.    Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from using unfair or unconscionable means while attempting to collect a debt.

255.    The restrictions are codified at RIGL § 19-14.9-8.

256.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Rhode Island Attorney General.
6) Such other relief as the Court may deem just and appropriate.

### COUNT XVI - RI FDCPA - Validation

257.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

258.    Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from collecting a debt when Plaintiff disputed the debt and Defendants failed to mail Plaintiff verification of the debt.

259.    Defendants violated the restrictions the RI FDCPA imposes on them mandating that Defendants provide Plaintiff a written notice within five days after initial communication with a consumer.

260.    The restrictions are codified at RIGL § 19-14.9-9.

261.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-

13 (2)(b),

3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Rhode Island Attorney General.
6) Such other relief as the Court may deem just and appropriate.

## COUNT XVII – FCCPA – Florida Consumer Collection Practices Act – Use or Threaten Force or Violence

262.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

263.    Defendants engaged in criminal behavior to harass Plaintiff in the unlawful

collection of debt.

264.    Defendants acted willfully in refusing to comply with the FCCPA.

265.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to Fla. Stat. § 559.77(2),
2) Statutory Damages in the amount of $1,000 for each violation of the FCCPA pursuant to Fla. Stat. § 559.77(2),
3) Punitive Damages in the amount of $1,000 pursuant to Fla. Stat. § 559.77(2),
4) Injunctive Relief to restrain Defendants from further violations of FCCPA, pursuant to Fla. Stat. § 559.77(2),
5) Costs and attorney fees pursuant to Fla. Stat. § 559.77(2),
6) Such other relief as the Court may deem just and appropriate.

## COUNT XVIII – FCCPA – Florida Consumer Collection Practices Act – Disclosure

266.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

267.    Defendants acted to disclose information regarding a debtor without having a

legitimate business need.

268.    Defendants acted to disclose false information regarding a debt.

269.    Defendants acted willfully in refusing to comply with the FCCPA.

34

270.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to Fla. Stat. § 559.77(2),
2) Statutory Damages in the amount of $1,000 for each violation of the FCCPA pursuant to Fla. Stat. § 559.77(2),
3) Punitive Damages in the amount of $1,000 for each violation pursuant to Fla. Stat. § 559.77(2),
4) Injunctive Relief to restrain Defendants from further violations of FCCPA, pursuant to Fla. Stat. § 559.77(2),
5) Costs and attorney fees pursuant to Fla. Stat. § 559.77(2),
6) Such other relief as the Court may deem just and appropriate.

### COUNT XIX – FCCPA – Florida Consumer Collection Practices Act – Failure to Disclose Dispute

271.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

272.    Defendants acted to disclose information regarding a debt without disclosing that the debt was in dispute.

273.    Defendants acted willfully in refusing to comply with the FCCPA.

274.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to Fla. Stat. § 559.77(2),
2) Statutory Damages in the amount of $1,000 for each violation of the FCCPA pursuant to Fla. Stat. § 559.77(2),
3) Punitive Damages in the amount of $1,000 for each violation pursuant to Fla. Stat. § 559.77(2),
4) Injunctive Relief to restrain Defendants from further violations of FCCPA, pursuant to Fla. Stat. § 559.77(2),
5) Costs and attorney fees pursuant to Fla. Stat. § 559.77(2),
6) Such other relief as the Court may deem just and appropriate.

### COUNT XX – FCCPA – Florida Consumer Collection Practices Act – Illegitimate Enforcement

275.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

276.    Defendants attempted to enforce a debt when they knew the debt was not legitimate.

277.    Defendants asserted the right to collect a debt when Defendants had no such right.

278.    Defendants acted willfully in refusing to comply with the FCCPA.

279.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to Fla. Stat. § 559.77(2),
2) Statutory Damages in the amount of $1,000 for each violation of the FCCPA pursuant to Fla. Stat. § 559.77(2),
3) Punitive Damages in the amount of $1,000 for each violation pursuant to Fla. Stat. § 559.77(2),
4) Injunctive Relief to restrain Defendants from further violations of FCCPA, pursuant to Fla. Stat. § 559.77(2),
5) Costs and attorney fees pursuant to Fla. Stat. § 559.77(2),
6) Such other relief as the Court may deem just and appropriate.

## COUNT XXI – FCCPA – Florida Consumer Collection Practices Act – Causing Charges to Debtor

280.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

281.    Defendants caused Plaintiff to be charged for their calls by concealing the true purpose of the communication.

282.    Defendants concealed the purpose of their communication by calling from different numbers when they called Plaintiff.

283.    Defendants acted willfully in refusing to comply with the FCCPA.

284.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to Fla. Stat. § 559.77(2),
2) Statutory Damages in the amount of $1,000 for each violation of the FCCPA pursuant to Fla. Stat. § 559.77(2),

3) Punitive Damages in the amount of $1,000 for each violation pursuant to Fla. Stat. § 559.77(2),
4) Injunctive Relief to restrain Defendants from further violations of FCCPA, pursuant to Fla. Stat. § 559.77(2),
5) Costs and attorney fees pursuant to Fla. Stat. § 559.77(2),
6) Such other relief as the Court may deem just and appropriate.

## COUNT XXII – CIVIL LIABILITY FOR CRIMES AND OFFENSES

285. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

286. Defendants engaged in criminal activity to harass Plaintiff.

287. As a result of such conduct and actions, the Plaintiff has suffered actual damages in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 9-1-2.

288. Such conduct and actions of Defendants were willful and egregious.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 9-1-2;
2) Such other relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all Counts.

The Plaintiff,

*/s/ Christopher Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com

37

## CERTIFICATE OF SERVICE

The Plaintiff certifies that on August 9, 2022, he mailed a copy of the foregoing First Amended Complaint and exhibits via certified mail, return receipt requested to Defense Counsel for Defendants:

Timothy O. Egan
Susan M. Silva
Peabody & Arnold, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02110-2261

The Plaintiff,
Christopher Laccinole, *pro se*

*/s/ Christopher M. Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com