UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER LACCINOLE,
    Plaintiff,

v.

GULF COAST COLLECTION
BUREAU, INC.; JACK WARREN
BROWN, III; MARIE S. ARESKOG;
and DOES 1-20 INCLUSIVE,
    Defendants.

C.A. No. 22-223-JJM-LDA

**ORDER**

Plaintiff Christopher Laccinole bought a phone and a pre-paid cell phone service plan and began receiving collection phone calls meant for another person, presumably the person who previously used the phone number and allegedly owed the debt. Mr. Laccinole did not owe any money and sent two "do not call" letters. When the calls did not stop, he filed this suit against Defendants Gulf Coast Collection Bureau, Inc., Gulf Coast executives Jack Warren Brown, III and Marie Areskog, and Does 1-20, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1 et seq. ("RIDTPA"), Rhode Island's Privacy statute, R.I. Gen. Laws § 9-1-28.1 et seq. Florida Consumer Collection Practices Act Fla. Stat. §§ 559.55 to 559.785 ( "FCCPA"), and the Rhode Island Fair Debt Collection Practices Act, R.I.

Gen. Laws § 19-14.9, et seq. ("RIFDCPA") and seeking civil liability for criminal offenses.

Defendants move to dismiss Mr. Laccinole's Amended Complaint (ECF No. 9) against individual defendants Mr. Brown and Ms. Areskog under the Federal Rules of Civil Procedure Rules 12(b)(2) for lack of personal jurisdiction and to partially dismiss Counts I through VI and Count XXII[1] under Rule 12(b)(6) for failure to state a claim. ECF No. 11. The Court GRANTS Defendants' Motion to Dismiss in Part and DENIES it in Part.

I.  **BACKGROUND**

Mr. Laccinole, a Narragansett, Rhode Island resident, alleges that he began receiving unidentified calls starting on August 25, 2021, from Gulf Coast Collection Bureau, Inc. ("Gulf Coast") to collect a debt presumably owed by the person who previously used the number Mr. Laccinole bought for a burner phone. He alleges that Gulf Coast used an Automated Telephone Dialing System ("ATDS") to make these calls and did not properly identify itself or provide its contact information to him which violates the TCPA. The calls were made without his consent as he is not a Gulf Coast customer and has no business relationship with the company.

He claims that Gulf Coast called him continuously for several months even though he sent it two letters asking it to stop calling him. Mr. Laccinole alleges that

---

[1] In Mr. Laccinole's original complaint, his claim under Rhode Island General Law § 9-1-2 for Civil Liability for Crimes and Offenses was Count XXVII. ECF No. 1-1. It is Count XXII in his Amended Complaint. ECF No. 9. Gulf Coast refers to the old count number in its briefing, see ECF No. 12 at 1, but the Court will refer to it as Count XXII in line with the Amended Complaint.

2

Mr. Brown, Chief Executive Officer at Gulf Coast, and Ms. Areskog, Chief Operating Officer at Gulf Coast, directed this allegedly violative collection activity and were responsible for it. Other than the first call in August, he does not specify the number of calls or the dates of those calls. He alleges hearing pauses when he answered the phone, prerecorded voice messages, and clicks that he alleges are indicative of an ATDS. Gulf Coast sent him two letters back, seeking to investigate Mr. Laccinole's objections to being called, which he does not allege he answered.

Mr. Laccinole filed this suit, amended his complaint (ECF No. 9), and now Gulf Coast and the two individual Defendants move to dismiss. ECF No. 11.

## II. DISCUSSION

### A. Individual Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

To obtain jurisdiction over a nonresident defendant, a plaintiff must allege facts to satisfy the requirements of Rhode Island's "long-arm" statute and show that the court's exercise of personal jurisdiction complies with the requirements of constitutional due process. *McKenney v. Kenyon Piece Dye Works, Inc.*, 582 A.2d 107, 108 (R.I. 1990). Rhode Island's "long-arm" statute provides that "[e]very foreign corporation * * * that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island * * * in every case not contrary to the provisions of the constitution or laws of the United States." R.I. Gen. Laws § 9-5-33(a).

The Due Process clause of the United States Constitution limits the exercise of personal jurisdiction over nonresident defendants to those who "have certain

minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Important to this analysis is the "quality and quantity of the potential defendant's contacts with the forum." *Phillips Exeter Academy v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 288 (1st Cir. 1999).

There are two types of jurisdictions over a nonresident defendant: general or specific personal jurisdiction. A plaintiff can establish general jurisdiction when the defendant's contacts with a state are continuous, purposeful, and systematic. *Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005). To establish specific personal jurisdiction, "[a]ll that need be shown is a 'relationship among the defendant, the forum, and the litigation.'" *Ben's Marine Sales v. Sleek Craft Boats*, 502 A.2d 808, 812 (R.I. 1985) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Therefore, a court may exercise specific personal jurisdiction over a nonresident defendant if the claim sufficiently relates to or arises from any of a defendant's purposeful contacts with the forum. *Id.* For specific personal jurisdiction to exist, however, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Mr. Laccinole argues that this Court has personal jurisdiction over Mr. Brown and Ms. Areskog because they are corporate officers at Gulf Coast who have a role in

4

formulating compliance procedures. This fact, standing alone, does not establish personal jurisdiction in Rhode Island over Mr. Brown and Ms. Areskog. *See Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 573 F. Supp. 1106, 1111 (D. Mass. 1983) ("jurisdiction over the individual officers of a corporation may not be based on jurisdiction over the corporation."). This is especially where Mr. Laccinole has not alleged that either officer was a "primary participant" in directing Gulf Coast's collection calls here. Mr. Laccinole cannot establish specific personal jurisdiction either. He has presented no evidence (or even plausible allegations) that either individual defendant was personally involved in any phone calls relating to his claims or to any collection efforts on Gulf Coast's behalf in Rhode Island. Therefore, the Court concludes based on the allegations in Mr. Laccinole's Amended Complaint that it cannot exercise personal jurisdiction over Mr. Brown or Ms. Areskog, and they are DISMISSED from this case.

### B. Gulf Coast's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) tests the plausibility of the claims presented in a plaintiff's complaint. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). At this stage, "the plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 102–03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The plausibility inquiry necessitates a two-step pavane." *García-Catalán*, 734 F.3d at 103. "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

### 1. Count I and II

Mr. Laccinole alleges that Gulf Coast violated the TCPA by making collection calls using an ATDS, a system "which has the capacity–(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The United State Supreme Court interpreted this section and found that "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Facebook v. Duguid*, ―― U.S. ――, 141 S. Ct. 1163, 1167 (2021).

6

Mr. Laccinole has not pled sufficient facts in support of his claims that Gulf Coast used an ATDS in violation of the TCPA. His allegations that Gulf Coast used an ATDS to randomly call his number multiple times are not plausible in light of his other allegation that Gulf Coast targeted his "6072" number multiple times–it is not plausible that an act can be both randomly generated and specifically targeted at the same time. ECF No. 9 ¶¶ 104-106. And his general allegations that Gulf Coast used a prerecorded message, that he detected a pause before the caller spoke when he answered the phone, and heard clicks over the line are not enough to make out a TCPA claim even taking the allegations in Mr. Laccinole's favor at this stage of the case. *Id.* ¶¶ 58, 99-100. Therefore, the Court GRANTS Defendants' Motion to Dismiss Counts I and II.

### 2. Counts III and IV

Mr. Laccinole's Counts III and IV allege that Gulf Coast violated a federal regulation by failing to properly identify itself at the beginning of a prerecorded message and by not providing a phone number during that message. *See* 47 C.F.R. §§ 64.1200(b) and (b)(2). Gulf Coast moves to dismiss those counts, arguing that there is no private right of action under 47 U.S.C. § 227(d), the section from which the FCC promulgated 47 C.F.R. § 64.1200(b) relating to technical and procedural standards for artificial or prerecorded voice systems.[2] Mr. Laccinole states that he did not bring

---

[2] Additionally, these Counts fail in light of the Court's dismissal of Mr. Laccinole's TCPA Counts I and II finding that he did not sufficiently allege that Gulf Coast used an ATDS.

7

claims under § 227(d) and that the regulation was promulgated under § 227(b), presumably because a private right of action is explicitly given in § 227(b)(3).

There is no authority for Mr. Laccinole's argument and the statute, regulations, and caselaw indicate that "the subsection of the TCPA that authorizes these regulations does not provide a private cause of action." *Laccinole v. Navient Sols., LLC*, 589 F. Supp. 3d 261, 268 (D.R.I. 2022); *see also Laccinole v. Students for Life Action Inc.*, C.A. No. 21-252 WES, 2022 WL 3099211, at *4 (D.R.I. Aug. 4, 2022); *Boydston v. Asset Acceptance LLC*, 496 F. Supp. 2d 1101, 1110 (N.D. Cal. 2007). Therefore, the Court GRANTS Defendants' Motion to Dismiss Counts III and IV.

### 3. Count V

The Rhode Island Deceptive Trade Practices Act (RIDTPA) prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." R.I. Gen. Laws § 6-13.1-2. It should be "liberally construed." *Long v. Dell, Inc.*, 984 A.2d 1074, 1081 (R.I. 2009). The RIDTPA protects consumers and while the DTPA does not define the term, "a commonsense understanding of the word [] encompasse[s] activities like purchasing and utilizing goods or services." *Laccinole v. Appriss, Inc.*, 453 F. Supp. 3d 499, 506 (D.R.I. 2020). To invoke the protection of the RIDTPA, a consumer "must allege (1) that he was the subject of a deceptive practice or act in connection with the purchase of a service; and (2) that he suffered an ascertainable loss of money or property as a result of the deceptive practice." *Laccinole v. Assad*, C.A. No. 14-404 S, 2016 WL 868511, at *7 (D.R.I. Mar. 7, 2016). "For conduct to be deceptive it must, among other things, be

likely to mislead a reasonable consumer and it must be material to a consumer's choices or conduct." *Id.* at *8 (citing *Long*, 93 A.3d at 1003-04).

Reviewing the Amended Complaint, the Court finds Mr. Laccinole's allegations on this claim to be deficient. His entire complaint is based on the fact that he received calls intended for the person whose phone number he purchased, and he alleges he was harassed by those calls. He does not allege that he was deceived in connection with the purchase of a service or that he was deceived as a consumer in connection with the purchase of a service. *Laccinole v. Rausch, Sturm, Israel, Enerson & Hornik LLP*, C.A. No. 20-CV-312-MSM-LDA, 2022 WL 16948612, at *5 (D.R.I. Nov. 15, 2022). Therefore, Mr. Laccinole fails to state a claim under the RIDTPA. The Court GRANTS Defendants' Motion to Dismiss Count V.

### 4. Count VI

Mr. Laccinole alleges that Gulf Coast violated his right to privacy under Rhode Island law. R.I. Gen. Laws § 9-1-28.1. He makes a sole allegation that "Defendants intruded upon Plaintiff's seclusion" and that he "suffered actual damages." ECF No. 9 ¶¶ 196-197. Gulf Coast moves to dismiss, arguing that Mr. Laccinole could have simply asked Gulf Coast to stop calling him and told Gulf Coast that he was not the person they sought. His allegations, it argues, fall short of stating a claim.

The Rhode Island Legislature set forth that:

> In order to recover for a violation of this [privacy] right, it must be established that: (A) It was an invasion of something that is entitled to be private or would be expected to be private; (B) The invasion was or is offensive or objectionable to a reasonable man[.]

R.I. Gen. Laws § 9-1-28.1(a)(1)(i); *Pontbriand v. Sundlun*, 699 A.2d 856, 863 (R.I. 1997); *see Swerdlick v. Koch*, 721 A.2d 849, 857 n. 11 (R.I. 1998). When autodialer or robocalls are at issue, the question of whether an invasion has been plausibly alleged turns largely on whether the reasonable person would find the "persistence and frequency" of the calls offensive. *See* Restatement (Second) of Torts § 652B cmt. d. For example, in the *Appriss* case, where the court determined Mr. Laccinole stated a claim for a violation of R.I. Gen. Laws § 9-1-28.1(a)(1)(i), "Appriss called [Laccinole's] cellular telephone more than sixty times after he asked to receive no further calls" and "called Laccinole once every hour for thirteen consecutive hours." *Appriss*, 453 F. Supp. 3d at 507.

Mr. Laccinole's allegations here do not come close to those in *Appriss* and his alleged injuries do not rise to the level of an "unreasonable intrusion upon the seclusion of another." *Id.*; *see also Laccinole v. Students for Life Action Inc.*, C.A. No. 21-252 WES, 2022 WL 3099211, at *6 (D.R.I. Aug. 4, 2022). In this case, there is not the same allegedly overwhelming volume and frequency of phone calls. *See Appriss*, 453 F. Supp. 3d at 506-507. And although Mr. Laccinole alleges that Gulf Coast first called him on August 25, 2017 and continued to call him for several months, ECF No. 9 ¶¶ 57, 72, 79, 90, 94, he provides few plausible facts about the substance of those calls except he admits that the "operator asked to speak to a name that Plaintiff did not recognize or understand." *Id.* ¶ 59. When Gulf Coast sent Mr. Laccinole two letters asking for information to determine why they had the "wrong" number, he did not respond to them. He did, however, make efforts to confirm Gulf Coast's identity

to support this eventual lawsuit. Given these allegations, a reasonable person would not conclude that Gulf Coast's misdirected calls and two letters requesting clarification so that presumably it could STOP calling the wrong number invaded an area of expected privacy in an objectionable or offensive manner.

Therefore, the Court GRANTS Defendants' Motion to Dismiss Count VI.

### 5. Count XXII

In Count XXII, Mr. Laccinole attempts to recover civil damages for Gulf Coast's alleged criminal activity under R.I. Gen. Laws § 9-1-2. That section allows a plaintiff to bring civil claims to recover damages incurred from criminal offenses. *See* R.I. Gen. Laws § 9-1-2. Gulf Coast moves to dismiss, arguing that Mr. Laccinole has failed to allege that it acted criminally in failing to register as a debt collector in Rhode Island or that he suffered any injury resulting from that failure. Mr. Laccinole responds that the Court should deny the motion because Gulf Coast has not moved to dismiss the RIFDCPA counts that include allegations about its failure to register so its motion as to this count is premature.

To sufficiently plead a claim under § 9-1-2, Mr. Laccinole must plead an underlying criminal offense. *See, e.g., Getty Petroleum Mktg., Inc. v. 2211 Realty, LLC,* Civil Action No. 11-40003-FDS, 2012 WL 527655, at *7 (D. Mass. Feb. 16, 2012) ("Although '[i]t is not necessary for the [claimant] to allege the commission of the crime, which is the basis of his claim for damages, with the technical accuracy required in the criminal complaint[,] ... it must be described sufficiently for identification.'" (quoting *Williams v. Smith,* 68 A. 306, 308-309 (R.I. 1907)).

11

Mr. Laccinole alleges that Gulf Coast acted criminally when it failed to register as a debt collector.

The Court agrees with Mr. Laccinole's position at this time.[3] In light of the fact that his RIFDCPA counts live beyond this Order, the Court DENIES Gulf Coast's motion as to Count XXII because there are outstanding issues relating to his allegations that Gulf Coast failed to register as a debt collector in Rhode Island. *See Laccinole v. Twin Oaks Software Dev., Inc.*, No. CA 13-716 ML, 2014 WL 2440400, at *7 (D.R.I. May 30, 2014), *aff'd* (Apr. 27, 2015) (noting that while failure to register as a debt collector does not give rise to a private cause of action, it is a "misdemeanor, which exposes the scofflaw to fines up to $2000 or imprisonment for not more than a year, or both). While Mr. Laccinole's allegations as to his actual injuries resulting from Gulf Coast's failure to register are thin, the Court DENIES Defendants' Motion to Dismiss Count XXII pending resolution of his RIFDCPA claims.

## III. CONCLUSION

The Court GRANTS Gulf Coast's Motion to Dismiss the Individual Defendants for lack of personal jurisdiction and GRANTS its Motion to Dismiss Counts I, II, III,

---

[3] Gulf Coast cites Judge Smith's decision to dismiss this identical claim in the *Assad* case as dispositive here. Mr. Laccinole's targets in that collection action case, Ms. Assad and Mr. Sylvester, were an attorney and a process server – two categories of individuals that are exempt from the definition of debt collectors. *Assad*, C.A. No. 14-404 S, 2016 WL 868511, at *3. In this case, however, Mr. Laccinole alleges that Gulf Coast is a debt collector and Gulf Coast does not argue that it is not. As such, the court's dismissal of this count in *Assad* does not translate here.

IV, V, and VI. The Court DENIES the Motion to Dismiss Count XXII[4] pending resolution of the RIFDCPA Counts remaining in the Amended Complaint. ECF No. 11.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

January 11, 2023

---

[4] Mr. Laccinole's remaining Counts VII-XI involve allegations of Federal Fair Debt Collection Practices Act violations, Counts XII-XVI involve allegations of the Rhode Island Fair Debt Collection Practices Act violations, and Counts XVII-XXI involve allegations of the Florida Consumer Collection Practices Act violations.